PEOPLE v CUMBUS

Docket No. 71934. Submitted March 7, 1985, at Lansing.—Decided May 21, 1985.

Allen Cumbus was convicted of armed robbery following a jury trial in Oakland Circuit Court, Francis X. O'Brien, J. Prior to trial, defendant moved for the appointment of new counsel, contending that his appointed counsel failed to discuss trial strategy with him. The trial court denied the motion for appointment of new counsel after defense counsel indicated that he had tried to discuss trial strategy with the defendant, but that the defendant refused to cooperate, and after defendant admitted that he had refused to talk to counsel because he wanted counsel off the case. At trial, defense counsel moved to suppress the introduction into evidence of a bag of money, later identified as taken in the robbery, found in defendant's possession at the time of his arrest, on the basis that it was the fruit of an unlawful search, and the introduction of a pistol found near to the place of the crime, on the basis that it was not positively identified as the weapon used in the robbery. Both motions were denied. Defendant appealed. *Held:*

1. The police had probable cause to arrest the defendant in view of defendant's temporal and geographic proximity to the crime coupled with the fact that he fit the description of the perpetrator of the crime. Since the arrest was lawful, the police had the right to examine the contents of the bag which was

References for Points in Headnotes

[1] 5 Am Jur 2d, Arrest § 32.

21 Am Jur 2d, Criminal Law § 412.

Necessity that demanding state show probable cause to arrest fugitive in extradition proceedings. 90 ALR3d 1085.

[2] 68 Am Jur 2d, Searches and Seizures § 35 *et seq.*

Validity, under Federal Constitution, of search conducted as condition of entering public building. 53 ALR Fed 888.

Lawfulness of warrantless search of purse or wallet of person arrested or suspected of crime. 29 ALR4th 771.

[3] 29 Am Jur 2d, Evidence § 251 *et seq.*

[4] 21A Am Jur 2d, Criminal Law §§ 732 *et seq.,* 976 *et seq.*

Power of court to change counsel appointed for indigent, against objections of accused and original counsel. 3 ALR4th 1227.

within defendant's immediate control. Accordingly, the money was not the fruit of an illegal search and was properly admitted into evidence at the trial.

2. Since there was never any dispute that the robber was armed, defendant contending only that he was not the robber, and since, although the pistol was not positively identified as the weapon used, the pistol was identified as being similar to the weapon used, the admission into evidence of the pistol was not unduly prejudicial to defendant.

3. While an indigent defendant is constitutionally guaranteed the right to counsel, he is not entitled to have the attorney of his choice appointed. New appointed counsel will be substituted only upon a showing of good cause, such as a breakdown of the attorney-client relationship. However, good cause is not shown where the breakdown in the attorney-client relationship is precipitated by the defendant's purposeful refusal to cooperate with his counsel. The trial court did not abuse its discretion in denying the motion for substitution of counsel.

Affirmed.

1. ARREST — WARRANTLESS ARREST — PROBABLE CAUSE.

Probable cause for an arrest without a warrant exists where the facts known to the arresting officer at the time of the arrest would induce a fair-minded person of average intelligence and judgment to believe the suspected person had committed a felony; where the arresting officer has probable cause to arrest, an arrest without a warrant in a public place is permissible.

2. SEARCHES AND SEIZURES — ARREST.

A police officer may search without a warrant, as incident to a lawful arrest, a bag carried by and within the immediate control of the person arrested.

3. CRIMINAL LAW — EVIDENCE — PREJUDICE.

It is not error mandating reversal to admit into evidence a pistol found near the scene of a robbery, where although the witnesses could not positively identify the pistol as the one used in the robbery they did testify that it was similar to the one used and where the defendant did not argue that an unarmed robbery occurred but rather argued that he was not the man who committed the robbery, since the admission of the pistol under those circumstances was not unduly prejudicial to the defendant (MRE 402).

4. CRIMINAL LAW — RIGHT TO COUNSEL — INDIGENCY — SUBSTITUTION OF COUNSEL.

An indigent defendant is only entitled to substitution of ap-

pointed counsel where there has been a showing of good cause and where the substitution of counsel will not unreasonably disrupt the judicial process; the decision regarding such substitution is within the sound discretion of the trial court; an indigent defendant is not entitled to substitution of appointed counsel on the basis of a breakdown of the attorney-client relationship where that breakdown is caused by the defendant's purposeful refusal to cooperate with his assigned counsel.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Thomas Beadle,* for defendant on appeal.

Before: ALLEN, P.J., and GRIBBS and T. GILLES-PIE,* JJ.

PER CURIAM. Defendant was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797, and appeals his conviction as of right. We affirm.

Defendant first contends that the trial court erred in failing to suppress the introduction into evidence of the bag of money defendant was carrying when he was arrested. He contends that his arrest was not based on probable cause and that, therefore, the bag of money was inadmissible as the fruit of an illegal arrest.

Probable cause for an arrest without a warrant has been defined as the existence of any facts which would induce a fair-minded person of average intelligence and judgment to believe that the suspected person had committed a felony. *Michigan v Summers,* 452 US 692; 101 S Ct 2587; 69 L Ed 2d 340 (1981); *People v Oliver,* 417 Mich 366, 374; 338 NW2d 167 (1983). An arrest without a

* Circuit judge, sitting on the Court of Appeals by assignment.

warrant in a public place is permissible when the police officer making the arrest has probable cause to arrest. *United States v Watson,* 423 US 411, 423-424; 96 S Ct 820; 46 L Ed 2d 598 (1976); *Oliver, supra,* p 376.

In the case at bar, police officers received a radio dispatch reporting that an armed robbery had occurred at a Perry Drug Store at Baldwin and Montcalm Streets in Pontiac. The dispatch described the suspect as a black male, wearing a gray shirt and dark pants, who had fled on foot. Officer Peters drove his patrol car to Meramax Street, located one block north of the drugstore. Officer Peters asked a man standing outside of 65 South Meramax whether he had seen someone fitting such a description go by in the past few minutes. The man informed the officer that such a person had come from behind his home a few minutes earlier and had asked to use the phone. When the man refused to let him use the phone, the suspect had gone west on Meramax and had entered a home at 53 South Meramax. Officer Peters, joined by Officer Ellsworth, went to the door of 53 South Meramax, knocked, and spoke with the occupant. When the occupant opened the door, Officer Peters saw a black male wearing a gray sweatshirt and dark trousers, later identified as defendant, standing inside the door. He asked the occupant whether defendant lived at that address, and was informed that defendant was just making a phone call. In response to Officer Peters's request to step outside, defendant voluntarily came out onto the porch. After a brief conversation with defendant, Officer Peters patted defendant down and arrested him for armed robbery. After Officer Peters arrested defendant, Officer Ellsworth searched a bag that defendant had been holding. The bag contained money which was later

linked to the money taken from the drugstore. Officers Peters and Ellsworth estimated that approximately seven to ten minutes had elapsed from the time of the radio dispatch to the time they arrived at the home on South Meramax.

Officer Ellsworth testified that he responded to the armed robbery dispatch and spoke with the drugstore clerk who described the person as a tall, slim, black male with a large afro and facial hair, wearing a gray sweatshirt, tee shirt and dark pants. After leaving the store, he patrolled the area and received a radio report that the suspect was possibly in a house at 53 South Meramax. Officer Ellsworth went to that address and joined Officer Peters. While Officer Peters talked with the occupant, Officer Ellsworth noticed a man, whom he later identified as defendant, fitting the description standing inside the house. After defendant stepped onto the porch, Officer Peters frisked defendant and placed him under arrest. Officer Ellsworth then opened the bag held by defendant and, after defendant was arrested, transported him to the police station.

We find that the officers had probable cause to arrest defendant and that the bag of money was not the fruit of an illegal arrest. Moreover, the search without a warrant itself was legal. The officers were entitled to examine the contents of the bag which was within defendant's immediate control as a search incident to a lawful arrest. *People v Miller (On Remand)*, 128 Mich App 298, 305; 340 NW2d 858 (1983), *cert den* — US —; 104 S Ct 1926; 80 L Ed 2d 472 (1984). Thus the trial court did not err in denying defendant's motion to suppress introduction of the bag of money into evidence at trial.

Defendant next contends that the trial court abused its discretion in admitting into evidence a

pistol found near the scene of the robbery. He contends that, since the witnesses to the robbery were unable to link the pistol to defendant, its admission was more prejudicial than probative. MRE 402. Officer McFalan testified that he found the gun near the path the suspect took after he left the drugstore. The robbery witnesses testified that it resembled the gun they saw, although they could not positively identify the pistol. However, both witnesses agreed that a weapon was shown to them during the robbery. Defendant did not argue that only an unarmed robbery occurred, rather he argued that he was not the man who committed the robbery. The central issue was identity of the robber, not the presence of the gun, and the admission of the pistol into evidence was not unduly prejudicial to defendant.

Defendant next argues that the trial court abused its discretion by refusing to replace defendant's court-appointed attorney because there was a legitimate conflict between defendant and counsel concerning trial tactics. Defendant contends he was prejudiced by not acquiring new counsel because his counsel failed to raise the unconstitutionality of the search without a warrant of the paper bag taken from defendant when he was arrested.

On the Friday before defendant's originally scheduled Monday trial date, defendant moved the trial court for the appontment of new counsel. Defendant contended that he wanted a new attorney because his appointed attorney failed to discuss trial strategy with him. However, defendant admitted that the last time his attorney had visited he had refused to talk to him because he wanted him off the case. The attorney informed the court that he had tried to discuss trial strategy with defendant, but that defendant refused to

cooperate. Defendant's attorney did challenge the admission of the money found in the paper bag on the ground that it was a fruit of an illegal arrest, but apparently did not challenge the search as unconstitutional in and of itself.

Although an indigent defendant is constitutionally guaranteed the right to counsel, he is not entitled to have the attorney of his choice appointed simply by requesting a substitution of the attorney originally appointed to represent him. He is only entitled to substitution of counsel upon a showing of good cause, provided that the substitution of counsel will not unreasonably disrupt the judicial process. The decision regarding such substitution is within the sound discretion of the trial court. *People v Meyers (On Remand),* 124 Mich App 148, 165; 335 NW2d 189 (1983). Defendant was not entitled to substitution of counsel because the breakdown in his relationship was caused by defendant's admitted refusal to cooperate with his attorney. Defendant also has not shown how he was prejudiced by the trial court's denial to substitute counsel because his arrest was lawful and the search of the bag without a warrant was permissible as a search incident to a lawful arrest.

We find the trial court did not abuse its discretion in denying defendant substitution of counsel.

Affirmed.