PEOPLE v SOVODA

PEOPLE v CHARLES HOLMES

Docket Nos. 80542, 80543. Submitted January 7, 1986, at Grand
Rapids. Decided November 3, 1986. Leave to appeal applied for.

In separate jury trials in the Otsego Circuit Court, Scott A.
Sovoda was convicted of armed robbery and possession of a
firearm during the commission of a felony and Charles Holmes
was convicted of armed robbery. Defendants' convictions re-
lated to one armed robbery incident. The trial court, William
A. Porter, J., sentenced Holmes to a prison term of eight to
twenty years and Sovoda to consecutive prison terms of thir-
teen to thirty years for armed robbery and two years for felony-
firearm. On appeal defendants claimed error, inter alia, in the
trial court's denial of motions to suppress evidence seized by
police officers from their automobile, arguing that the search of
the automobile was preceded by an illegal arrest and was
therefore invalid.

The Court of Appeals consolidated defendants' appeals and
*held:*

1. The initial stop of defendants in their automobile was a
reasonable and lawful investigatory stop lasting for approxi-
mately ten minutes. After this brief period of time, probable
cause existed on which to base defendants' arrest. The subse-
quent search of the automobile was therefore valid.

2. The trial court did not err in ruling, over defendant
Holmes' objection, that testimony indicating that the handgun
seized in the search was loaded with hollow-point bullets was
probative of the charged offense of armed robbery, not prejudi-

REFERENCES

Am Jur 2d, Appeal and Error § 881.

Am Jur 2d, Arrest §§ 24, 32.

Am Jur 2d, Searches and Seizures §§ 2, 41-45, 58.

Validity, under Federal Constitution, of warrantless search of mo-
tor vehicle—Supreme Court cases. 66 L Ed 2d 882.

What constitutes probable cause for arrest—Supreme Court cases.
28 L Ed 2d 978.

See also the annotations in the Index to Annotations under Appeal
and Error.

cial to defendant Holmes, and therefore admissible into evidence.

3. The trial court did not abuse its discretion in imposing on defendant Holmes a minimum sentence longer than that which is recommended by the sentencing guidelines. The trial court's departure from the recommended minimum range was based on particular circumstances in this case, which the trial court stated on the record prior to sentencing.

Affirmed.

1. SEARCHES AND SEIZURES — INVESTIGATORY STOP — REASONABLE MAN TEST.

The reasonableness of an investigatory stop by a police officer is assessed under the following standard: would the facts available to the officer at the moment of the seizure or the search warrant a man of reasonable caution in the belief that the action taken was appropriate?

2. SEARCHES AND SEIZURES — INVESTIGATORY DETENTION.

An investigatory detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop.

3. ARREST — PROBABLE CAUSE.

Probable cause for an arrest without a warrant exists where the facts known to the arresting officer at the time of the arrest would induce a fair-minded person of average intelligence and judgment to believe the suspected person had committed a felony.

4. EVIDENCE — APPEAL.

The determination of whether the probative value of largely relevant evidence is substantially outweighed by its unfairly prejudicial effect rests within the sound discretion of the trial court and will not be disturbed on appeal absent a clear abuse of discretion.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Norman R. Hayes,* Prosecuting Attorney, and *Jann Ryan Baugh* and *Michael A. Nickerson,* Assistant Attorneys General, for the people.

State Appellate Defender (by *R. Steven Whalen* and *Susan M. Meenberg*), for defendant Sovoda.

*Bernard J. Caspar,* for defendant Holmes.

Before: R. M. MAHER, P.J., and ALLEN and R. R. LAMB,* JJ.

PER CURIAM. Defendant Charles Holmes appeals as of right from his May 17, 1984, conviction following a jury trial of armed robbery, MCL 750.529; MSA 28.797. Defendant Scott Sovoda appeals as of right from his June 19, 1984, conviction following a jury trial of armed robbery, MCL 750.529; MSA 28.797, and felony-firearm, MCL 750.227b; MSA 28.424(2). Holmes was sentenced to eight to twenty years imprisonment. Sovoda was sentenced to thirteen to thirty years on the armed robbery conviction and to the mandatory two-year consecutive prison term for the felony-firearm conviction. These cases have been submitted together on appeal to this Court.

The convictions arise out of an armed robbery which occurred on November 18, 1983, at approximately 9:00 P.M. at a convenience store in Vanderbilt, Michigan. The store was owned and operated by Lee Worley, who was present along with his wife and daughter when the robbery took place.

According to the Worleys, two men entered the building through a side door located in the living quarters which were attached to the store. The men demanded money. Both men wore blue ski masks. One had a gun and the other had a knife. The man with the gun forced the victims into the living quarters while the man with the knife emptied the cash register. The victims estimated that $570 was taken. Defendants Holmes and Sovoda were subsequently stopped in an automobile by police officers approximately fifty minutes later. Following defendants' arrest, a search of their vehicle resulted in the seizure of a handgun, a knife and a quantity of money. Prior to trial,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defendants moved to suppress the evidence seized on the grounds that their arrest was invalid. The trial court denied defendants' motions.

We first address defendants' claim on appeal that the trial court erred in denying their motions to suppress the evidence obtained from the automobile. We note first of all that this Court will not disturb a trial court's ruling at a suppression hearing unless it is clearly erroneous. *People v Burrell,* 417 Mich 439, 448; 339 NW2d 403 (1983). If, upon review of the record, this Court does not possess a definite and firm conviction that a mistake has been made, the trial court's ruling will be affirmed. *People v White,* 401 Mich 482, 494; 257 NW2d 912 (1977); MCR 2.613.

Defendants contend that the trial court erred in failing to suppress evidence obtained from an invalid search after an illegal arrest. In our judgment, the trial court was correct in finding the initial stop of defendants permissible. The initial stop of defendants in their automobile was an investigatory stop which lasted for approximately ten minutes. After this brief period of time, the record indicates that probable cause existed on which to base defendants' arrest. The subsequent search of defendants' automobile was therefore valid.

The Fourth Amendment to the United States Constitution proscribes seizures which are not justified by probable cause. *Dunaway v New York,* 442 US 200; 99 S Ct 2248; 60 L Ed 2d 824 (1979). In *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968), the Supreme Court noted that whenever a police officer accosts an individual and restrains his freedom to walk away, he has "seized" that person. *Id.* However, not all seizures of a person must be sustained by probable cause. *Terry* created a limited exception to the require-

ment of probable cause in a "seizure" of a person if the police officer has a reasonable, articulable suspicion that the person has committed or is about to commit a crime. This Court in *People v Lillis,* 64 Mich App 64; 235 NW2d 65 (1975), quoting *Terry,* noted that the actions of police officers in making a stop would be measured by an objective standard, namely:

> [W]ould the facts available to the officer at the moment of the seizure or the search "warrant a man of reasonable caution in the belief" that the action taken was appropriate? [*Lillis, supra,* p 69. Citations omitted.]

Further, in *Lillis* this Court noted:

> The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, *Terry* recognizes that *it may be the essence of good police work to adopt an intermediate response."* [64 Mich App 70-71, quoting *People v Whalen,* 390 Mich 672, 680; 213 NW2d 116 (1973), and *Adams v Williams,* 707 US 143, 145; 92 S Ct 1921; 32 L Ed 2d 612 (1972). Emphasis supplied.]

The trial court was correct in determining that the initial stop was permissible. The police officers were aware that an armed robbery had been committed at the convenience store. The record indicates that Deputy Gettel of the Charlevoix County Sheriff's Department observed a car with two young male occupants heading west on Thumb Lake Road, directly west of the scene of the robbery, approximately thirty minutes after hearing the first radio report of the crime. Although at the time Deputy Gettel did not have reason to stop the

car, his suspicions were sufficiently aroused so as to turn and follow the car and run a check on the license number. Minutes later Gettel met with State Troopers French and Robertson. Gettel informed the troopers of the vehicle heading west away from the scene of the robbery and that it belonged to defendant Holmes. Robertson informed Gettel that Holmes was a suspect in an earlier armed robbery in Gaylord and the officers agreed that the car should be stopped. Judging these facts by an objective standard pursuant to *People v Lillis, supra,* we find that these facts indicate that the stop of defendants was reasonable.

Having concluded that the initial stop by the Charlevoix County deputies was reasonable and lawful, the circuit court found that the subsequent detention of the suspects for investigation was permissible. The court noted that the scope of the detention was tailored to its underlying justification, i.e., to allow officers with disparate pieces of knowledge, who were in the area, to arrive at the scene and pool their information in order to verify that the detained suspects were the perpetrators of the armed robbery. We agree with the court that the detention was permissible, however, we affirm the actions of the police officers on a different basis.

An investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop. *Florida v Royer,* 460 US 491, 500; 103 S Ct 1319; 75 L Ed 2d 229 (1983). We find that subsequent to the ten- to fifteen-minute investigative detention, the suspects were under arrest, and the arrest was supported by probable cause.

Probable cause for an arrest without a warrant has been defined as the existence of any facts which would induce a fair-minded person of aver-

age intelligence and judgment to believe that the suspected person had committed a felony. *People v Cumbus,* 143 Mich App 115; 371 NW2d 493 (1985); *Michigan v Summers,* 452 US 692; 101 S Ct 2587; 69 L Ed 2d 340 (1981). Here, the state troopers arrived at the scene of the arrest within approximately five minutes after the stop. At that time, Trooper French examined the tires on the stopped car and observed that they "appeared similar" to the tire tracks he had seen near the store which had been robbed. The troopers also observed that defendants, who were in the back seat of the patrol car, met the general description of the robbers taken from the victims. Further, a DNR conservation officer was also present at the scene of the stop within approximately ten to fifteen minutes. At the scene, he observed that the car stopped was the same car he had seen earlier traveling at a high rate of speed on a nearby road. The conservation officer indicated that he had seen only two other cars in the vicinity of Thumb Lake and the nearby road around the time of the armed robbery, and that a man and a woman were riding in the other cars. From these facts, we find that probable cause existed sufficient to arrest the suspects within fifteen minutes of the initial stop. The detention was therefore long enough to effectuate the purpose of the stop, i.e., to investigate the facts surrounding the armed robbery and the suspects' possible connection therewith.

The case cited by defendant Holmes in his supplemental brief on appeal, *United States v Sharpe,* 470 US 675; 105 S Ct 1568, 84 L Ed 2d 605 (1985), in no way alters the above conclusions. Defendant Holmes is incorrect in stating that the initial investigatory stop was not predicated on anything more than the fact that Holmes was a suspect in a prior armed robbery which had taken place in

Gaylord, Michigan. As stated above, there were numerous other bases for the investigatory stop and the subsequent arrest. We therefore find no basis for reversal of defendants' convictions on this first claim.

Defendant Holmes next argues on appeal that the trial court erred in overruling his objection to the admission of evidence regarding "hollow-point" bullets. We initially note that this issue is not properly on appeal because defendant Holmes has failed to state any authority for his contention that the court's ruling was error. A party may not leave it to this Court to search for authority to sustain or reject a position. *Cramer v Metropolitan Savings Ass'n (Amended Opinion)*, 136 Mich App 387, 400; 357 NW2d 51 (1984). However, we will briefly address this issue.

Defendant Holmes contends that the testimony that the gun found in his car contained "hollow-point" bullets was more prejudicial than probative and that the trial court erred in admitting this evidence. MRE 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The determination of whether the probative value of largely relevant evidence is substantially outweighed by its unfairly prejudicial effect rests within the sound discretion of the trial court and will not be disturbed on appeal absent a clear abuse of discretion. *People v Castillo*, 82 Mich App 476; 266 NW2d 460 (1978).

MCL 750.529; MSA 28.797 defines armed robbery as follows:

> Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber *being armed with a dangerous weapon,* or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years. If an aggravated assault or serious injury is inflicted by any person while committing an armed robbery as defined in this section, the sentence shall be not less than 2 years' imprisonment in the state prison. [Emphasis supplied.]

The fact that the gun found in defendants' car was loaded is relevant to the fact that defendant was armed "with a dangerous weapon." Defendant Holmes does not dispute the relevancy of evidence bearing on the issue of whether the gun was loaded. With respect to evidence that the gun was loaded with hollow-point bullets, the circuit court found that the evidence was more probative than prejudicial. The court adequately indicated that it considered the evidence probative in "illuminating the transaction." The court determined that there was no unfair prejudice which outweighed the probative value of the evidence. We find no error requiring reversal on this ground. See *People v Eggleston,* 148 Mich App 494, 502-503; 384 NW2d 811 (1986).

Finally, defendant Holmes argues that the sentencing judge abused his discretion in sentencing him to a minimum sentence in excess of that recommended in the sentencing guidelines. The Sentencing Guidelines Manual recommends a minimum of forty-eight to eighty-four months (four to seven years) imprisonment for armed robbery. Defendant received a minimum of eight years. The

trial court's departure from the recommended minimum range was based on the circumstances of the offense:

> In order to comply with *People v Coles, Waits and Gonzales,* the Court considered all the information in the presentence report. It gave special emphasis to the circumstances of the offense in which a twelve-year-old child and a family's lives and wellbeing were threatened by two individuals, one with a knife and one with a gun. The Court did recognize, and does accept, that this individual carried the knife, although it was his gun. The Court recognizes that the Defendant has no prior felonies. The Court has given special emphasis to the fact that Mr. Holmes has, of recent date, been cooperative in an attempt to perhaps recompense for the harm he has done. The Court, then, chose the instant sentence to protect the community and to deter the Defendant. Thank you.

Defendant Holmes contends that because the guidelines already take into account the factors the court considered in departing from the guidelines, the sentence was not justified. This Court has already considered and rejected an identical argument in *People v Ridley,* 142 Mich App 129; 369 NW2d 274 (1985). We find that the minimum sentence of eight years was appropriate. We do not find that the sentence imposed shocks our judicial conscience. *People v Coles,* 417 Mich App 523, 550; 339 NW2d 440 (1983).

Affirmed.