## PEOPLE v FLEMING

Docket No. 110360. Submitted May 10, 1990, at Detroit. Decided
August 23, 1990. Leave to appeal applied for.

James Fleming was convicted of first-degree criminal sexual
conduct following a jury trial in Wayne Circuit Court and was
sentenced, Prentis Edwards, J. Defendant appealed.

The Court of Appeals *held:*

1. Defendant's argument that he is entitled to a new trial
because there was insufficient evidence to warrant binding him
over on the charge of first-degree criminal sexual conduct was
not preserved for appeal. Defendant failed to move in the trial
court to quash the information.

2. Defendant was tried in Wayne Circuit Court despite the
fact that his trial was presided over by a Recorder's Court
judge and various documents in the lower court record may
suggest that the trial was held in Recorder's Court. The trial
court had jurisdiction to hear the case.

3. Defendant's argument that certain statements he made to
the police were involuntary and should have been suppressed
from evidence is rejected. The trial court's determination that
the statements were voluntarily made is not clearly erroneous.

4. The fact that the bailiff, on the court's instruction, in-
formed the jury of the progress being made on the jury's
request for a view of the van in which the alleged criminal
sexual conduct occurred does not entitle defendant to a mis-
trial. The trial court properly denied defendant's motion for a
mistrial.

5. Defendant's argument that the trial court erred in accept-
ing a verdict on one count and then asking the jury to continue
deliberations on the remaining two counts was not preserved
for appeal because defendant failed to object to this procedure
at trial. Furthermore, the issue is not properly before the Court

References

Am Jur 2d, Appeal and Error §§ 554, 700; Criminal Law § 358;
Evidence §§ 529, 590; Trial § 1003.

Communication between court officials or attendants and jurors in
criminal trial as ground for mistrial or reversal—post-Parker
cases. 35 ALR4th 890.

of Appeals because defendant cited no authority in support of his argument.

Affirmed.

1. CRIMINAL LAW — APPEAL — SUFFICIENCY OF EVIDENCE — PRESERVING QUESTION.

Failure to move to quash a criminal information in the trial court precludes appellate review of the issue whether there was sufficient evidence produced at the preliminary examination to bind the defendant over on the charges.

2. CRIMINAL LAW — JURISDICTION — WAYNE CIRCUIT COURT — DETROIT RECORDER'S COURT.

The trial of a defendant charged with committing a crime within Wayne County but outside the corporate limits of the City of Detroit may be presided over by a Recorder's Court judge sitting as a Wayne Circuit Court judge pursuant to Administrative Order No 1986-1; as long as the jury was drawn from the circuit court's pool of jurors, the trial will be considered to have been held in the Wayne Circuit Court.

3. CRIMINAL LAW — CONFESSIONS — VOLUNTARINESS — APPEAL.

A trial court's determination of the voluntariness of a defendant's confession is reviewed on appeal by consideration of the totality of the circumstances; the trial court's finding will not be reversed unless it is clearly erroneous.

4. CRIMINAL LAW — TRIAL — JURY — COMMUNICATION WITH JURY — AUTOMATIC REVERSAL RULE.

The fact that a bailiff, on the court's instruction, informed the jury of the progress being made on a jury request to view a vehicle in which an alleged rape occurred does not automatically entitle the defendant to reversal of his conviction where the communication was made within the hearing of defense counsel; the automatic reversal rule applies only where the communication with a jury is made outside the presence of the court room and counsel.

5. APPEAL — ISSUES — SUPPORTING CITATIONS.

A statement of position without supporting citations is insufficient to bring an issue before the Court of Appeals; a party may not leave it to the Court to search for authority to sustain or reject its position.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of

Research, Training and Appeals, and *Olga Agnello,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Ralph C. Simpson*), for defendant on appeal.

Before: MacKenzie, P.J., and Sawyer and Doctoroff, JJ.

Per Curiam. Defendant was convicted, following a jury trial, of first-degree criminal sexual conduct. MCL 750.520b(1); MSA 28.788(2)(1). He was thereafter sentenced to serve a term of twenty to thirty years in prison. He now appeals and we affirm.

The victim was involved in a minor automobile accident on I-94 in western Wayne County. She was initially unable to start her car. Defendant, who was driving a "commuter van," pulled to the side of the road and offered assistance. Defendant was able to get the car started and the victim moved her car off the road. Defendant then offered to take the victim to a telephone. According to the victim, she got into the van with defendant because the commuter van service was a reputable company.

Defendant began driving around, without ever stopping at a telephone booth. At some point, they returned to the victim's car and defendant expressed the opinion that, due to the damage to the car, the car was not drivable. Defendant then told the victim that he was on his way to the airport and that, if she wished, she could ride with him that far. The victim accepted the offer.

At some point after this, as they were driving along I-94, defendant assaulted the victim and began to disrobe her. Defendant then forced the victim to submit to various sexual acts, including

defendant's digital penetration of the victim's vagina and forcing the victim to perform fellatio on defendant. As he was driving the victim back to her car, defendant began choking her with her underwear, leaving a burn on the side of her neck. Once back at her car and released, the victim realized that her car was drivable and drove home, thereafter summoning the police.

Defendant first argues that he is entitled to a new trial because there was insufficient evidence to warrant binding him over on the charge of first-degree criminal sexual conduct. Defendant did not move to quash the information in the trial court, however, and therefore has failed to preserve this issue for appeal. *People v Eagen,* 136 Mich App 524, 528; 357 NW2d 710 (1984).

Defendant next argues that the trial court was without jurisdiction over the offense inasmuch as a Recorder's Court judge presided over the trial and the crime was committed outside the corporate limits of the City of Detroit. On the basis of the facts of this case, we disagree. There is no dispute that the crime was committed within Wayne County, but outside the boundaries of the City of Detroit, and that the judge who presided over defendant's trial was a Recorder's Court judge. It is less clear, however, whether the Recorder's Court judge was acting as a Wayne Circuit Court judge and, if not, whether Recorder's Court nevertheless had authority to try defendant.

As to the question whether defendant was tried in Detroit Recorder's Court or in Wayne Circuit Court with a Recorder's Court judge presiding, the lower court record provides no direct answer to that question. The caption on the trial transcripts indicates that trial was held "IN THE RECORDER'S COURT FOR THE CITY OF DETROIT." Of the various forms filed in the lower court record, having boxes

to be checked to indicate either Recorder's Court or the Third Judicial Circuit, approximately one-third indicate Recorder's Court, another third indicate the Third Judicial Circuit, and another third have neither box checked. However, we find these statements, or lack of statements, in the lower court record to be relatively unimportant to the resolution of the question whether the trial court had jurisdiction over the offense. To hold that the court lacked jurisdiction merely because the court reporter typed "IN THE RECORDER'S COURT FOR THE CITY OF DETROIT" at the top of the trial transcript would exalt form over substance.

The Recorder's Court of the City of Detroit has jurisdiction over only those crimes committed within the corporate limits of the City of Detroit. MCL 725.10a; MSA 27.3950(1). Thus, since the offense was committed outside the City of Detroit, Detroit Recorder's Court would have no jurisdiction to try defendant. Accordingly, we must determine whether defendant was tried in the Recorder's Court or in Wayne Circuit Court, which would have jurisdiction over the offense.

The mere fact that defendant's trial was presided over by a judge of Detroit Recorder's Court does not, in and of itself, resolve the issue before us. The Supreme Court is authorized to appoint "persons who have been elected and served as judges to perform judicial duties for limited periods or specific assignments." Const 1963, art 6, § 23. See also MCL 600.225; MSA 27A.225. The Supreme Court, in Administrative Order No. 1986-1, 426 Mich lxviii, "temporarily assigned" all judges of the Third Judicial Circuit as visiting judges of the Recorder's Court of the City of Detroit and all judges of the Recorder's Court were "temporarily assigned" as visiting judges of the Third Judicial Circuit. Thus, Recorder's Court

Judge Edwards was authorized to serve as a judge of the Third Judicial Circuit to preside over defendant's trial.

Defendant, however, argues that Administrative Order No. 1986-1 represents an unconstitutional exercise of power by the Supreme Court. Defendant attacks the validity of the administrative order on the basis that the constitution merely grants the Supreme Court the authority to make temporary assignments of judicial duties for limited periods of time or specific tasks and the Supreme Court, in promulgating Administrative Order No. 1986-1, made an open-ended, rather than temporary, appointment of visiting judges to the Third Judicial Circuit and the Recorder's Court. We are loath, however, to conclude that this Court possesses either the authority or the audacity to hold that the Supreme Court exceeded their constitutional authority in promulgating an administrative order.

Assuming for the sake of argument, however, that we are so empowered and emboldened, we must conclude that defendant's argument, while perhaps appealing in form, must fail in substance. Clearly, even if the Supreme Court lacked the authority to make an open-ended appointment of visiting judges en banc, such as they did with the administrative order, they could certainly enter a series of specific orders in each case appointing the particular Recorder's Court judge or circuit court judge as a visiting judge to the other court with respect to each individual case. What purpose would be served, however, by requiring the Supreme Court to have entered a series of thousands of individual orders rather than one administrative order? Since the Supreme Court could have reached the same result with individual orders that it achieved with one administrative order, we see little to be gained by the administrative incon-

venience of requiring those individual orders.[1] Accordingly, we must reject the argument that Administrative Order No. 1986-1 exceeds the power granted to the Supreme Court by the constitution.[2]

Defendant also challenges the practice of Recorder's Court judges and circuit court judges visiting each other's courts on the basis that judges are supposed to serve in the community to which they are elected and that both the community and the defendant have an interest in a trial being presided over by the judge elected from the community in which the offense occurred. Defendant's argument in this regard also fails.

First, the constitution authorizes the appointment of visiting judges and nothing within the constitutional provision limits such appointments to those judges who have previously served on the bench to which they are assigned to visit. Indeed, to agree with defendant's argument would virtually eliminate the visiting judge system in Michigan since we would have to restrict such visiting

---

[1] Similarly, the Supreme Court could presumably issue orders appointing the visiting judges on a monthly basis and achieve the same result. Again, however, little would be achieved by such a requirement beyond creating a plethora of paperwork.

[2] One potential defect in Administrative Order No. 1986-1, which does not affect the case at bar, should be noted. The constitution grants the authority to the Supreme Court to appoint to judicial duties those judges who have been "elected" to judicial office. Presumably, therefore, judges who have been appointed by the Governor to fill vacancies under the authority granted to the Governor under the same section of the constitution are ineligible, under the terms of the constitution, to receive appointments as visiting judges until they stand for election and are "elected" judges. See Const 1963, art 6, § 23. Thus, Administrative Order No. 1986-1 may be ineffectual to the extent that its sweeping appointment of visiting judges includes those judges who have been appointed by the Governor and have not yet stood for election. This, however, does not affect the case at bar inasmuch as the presiding judge at trial, the Hon. Prentis Edwards, was appointed to the Recorder's Court on January 21, 1985, 420 Mich xi, and has subsequently stood for election twice, in 1986 and 1988. See 429 Mich xii and 432 Mich xi. Thus, Judge Edwards was constitutionally eligible to be appointed as a visiting judge to the Third Judicial Circuit.

judge appointments to those judges who have previously served on the particular court's bench.

Second, the Third Judicial Circuit's local court rule 6.102(E) provides that either the prosecutor or the defendant may request that only judges elected or appointed to the court having jurisdiction over the offense be assigned to that case. The request must be filed in writing within seven days after the magistrate signs the return to circuit court. Thus, both the people's and the defendant's interests in having a case presided over by a trial judge elected from that jurisdiction are protected since either may insist on such an assignment.[3]

Returning to the question originally posed, whether defendant was tried in the Recorder's Court or in Wayne Circuit Court, the fact that Judge Edwards presided does not resolve that question since he is also an acting Wayne Circuit Court judge. We might resolve the question on the basis of whether the jury was drawn from the Recorder's Court pool or the circuit court pool. Indeed, this would seem to be the issue of greatest substantial concern to a defendant. However, the record is singularly unenlightening as to whether the jury was selected from a Recorder's Court pool or a circuit court pool. Simply, we cannot tell from the record where the jurors lived. However, defen-

[3] Defendant's argument that this protection is inadequate since the requirement that the demand be made within seven days of the magistrate's signing the return is an insufficient amount of time is unpersuasive on the facts of this case. Specifically, defendant makes no allegation or showing that he ever requested that the matter be assigned to a judge of the Third Judicial Circuit subsequent to the seven-day period and was refused because the request was untimely. Had defendant made such a request which was refused on the basis of timeliness under the court rule, defendant's argument that the time period allowed to make such a request was inadequate could be entertained here. However, since no request was apparently ever made, the question of the adequacy of the lower court rule in requiring that the request be made within seven days of the return need not be determined in this case.

dant's brief does quote from a document outlining the court consolidation plan and that document specifically states that if a jury trial is held in a circuit court case, circuit court jurors will be used. Defendant does not allege, nor does the record affirmatively show, that this provision was ignored and a jury was drawn from the Recorder's Court jury pool. Accordingly, we can only conclude from the scant information available that a circuit court jury was empaneled. This, then, leads us to the conclusion that defendant was, in fact, tried in circuit court.

For the above reasons, we conclude that defendant was, in fact, tried in circuit court despite the fact that his trial was presided over by a Recorder's Court judge and various documents in the lower court record may suggest that the trial was held in Recorder's Court. Accordingly, we conclude that the trial court had jurisdiction to hear defendant's case.

Next, defendant argues that certain statements made to the police were involuntary and should have been suppressed from evidence. We disagree. Both statements of which defendant now complains were made at defendant's instigation and followed an interrogation at which defendant had been advised of his *Miranda*[4] rights. Accordingly, the trial court's determination that the statements were voluntarily made was not, when the facts are viewed in the totality of the circumstances, clearly erroneous. *People v Godboldo,* 158 Mich App 603; 405 NW2d 114 (1986).

Defendant next argues that the trial court erred in denying his motion for mistrial after the bailiff, on the court's instruction, informed the jury of the

[4] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

progress being made on a jury request for a view of the van in which the alleged rape occurred. Although there is a strict rule requiring reversal when communication is made with a jury outside the presence of the court room and counsel, see *People v Lyons,* 164 Mich App 307; 416 NW2d 422 (1987), that rule is inapplicable to the case at bar since the communication was not conducted outside the presence of counsel. Since counsel had the opportunity, fortuitous or otherwise, to hear the bailiff's statements to the jury, the automatic reversal rule does not apply and, in its place, defendant would have to make the ordinary showing of improper or prejudicial conduct warranting the grant of a mistrial. Since defendant argues on appeal only the applicability of the automatic reversal rule and does not argue, absent application of that rule, that the conduct involved merits a mistrial, we decline to reverse the trial court's determination of this issue.

Finally, defendant argues that the trial court erred in accepting a verdict on one count and then asking the jury to continue deliberations on the remaining two counts because such procedure violates the spirit of the unanimity requirement and improperly invites compromise. However, defendant did not preserve this issue by raising an objection in the trial court. Furthermore, the issue is not properly before this Court since defendant cites no authority in support of his argument. *People v Sovoda,* 155 Mich App 735, 742; 400 NW2d 702 (1986).[5]

Affirmed.

MacKenzie, P.J., concurred in the result only.

---

[5] The single case cited by defendant in support of his argument on this issue, *People v Hickey,* 103 Mich App 350; 303 NW2d 19 (1981), is not on point.