PEOPLE v SANDERS

Docket No. 121077. Submitted November 13, 1991, at Detroit. Decided February 18, 1992, at 9:30 A.M.

Lee Sanders was convicted after a bench trial in the Detroit Recorder's Court, Harvey F. Tennen, J., of possession with intent to deliver 225 or more but less than 650 grams of cocaine and was sentenced to ten to thirty years' imprisonment. He appealed.

The Court of Appeals *held:*

1. Two bags of cocaine obtained by the police from the defendant were not illegally seized and were properly admitted as evidence at trial. The first bag was discarded by the defendant in full view of a police officer who had not intended to arrest him. Because that bag was abandoned by the defendant, it was not illegally seized. The second bag was obtained from the defendant's jacket in a search incident to his lawful arrest following the discovery of cocaine in the first bag.

2. The record at sentencing is unclear with respect to whether the trial court recognized that it had discretion to impose a minimum sentence less than that mandated by statute if there were substantial and compelling reasons for doing so. Remand is required for further articulation with respect to this question and for resentencing if the trial court was mistaken at the time of the original sentencing with regard to its discretion to depart from the mandated minimum sentence.

Conviction affirmed and case remanded for further proceedings.

*Frank K. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Carolyn Schmidt,* Assistant Prosecuting Attorney, for the people.

*George A. Chatman,* for the defendant on appeal.

Before: WEAVER, P.J., and MICHAEL J. KELLY and MARILYN KELLY, JJ.

MICHAEL J. KELLY, J. Following a bench trial, defendant was convicted of possession with intent to deliver 225 or more but less than 650 grams of cocaine, MCL 333.7403(2)(a)(ii); MSA 14.15(7403)(2) (a)(ii), and was later sentenced to ten to thirty years in prison. Defendant appeals as of right.

Defendant raises two issues on appeal, the first being whether the trial court abused its discretion in admitting evidence that was obtained as a result of an illegal search and seizure. We find no error.

Officer Mason of the Detroit Police Department testified that, as his squad car approached defendant's parked car, he observed defendant alight from the vehicle, throw a white or clear plastic bag to the ground, and run. Officer Mason's squad car was unmarked and, up to that point, the police had not acted in a manner that would have indicated to a reasonable person that the person was not free to leave. Following defendant's discarding of the first bag, Officer Mason and a fellow police officer apprehended defendant and retrieved a second bag from an inner pocket of defendant's jacket. The two bags were found to contain cocaine.

Clearly, the seizure of the first plastic bag by the police was not illegal. The bag was abandoned by defendant, and the abandonment was not the product of an illegal search or seizure. Before defendant discarded the first bag and fled, the police did not act in any way to restrain his liberty. The first bag containing cocaine was properly seized. *People v Mamon,* 435 Mich 1; 457 NW2d 623 (1990).

Turning to the second bag of cocaine, we find that it was not the fruit of an illegal search and

seizure. Defendant's flight and discard of the first plastic bag containing cocaine formed the reasonable suspicion needed to detain him. *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968). Officer Mason's recovery of the first bag containing a powdery substance, which he suspected to be cocaine, then formed the probable cause required to arrest defendant and conduct a search incident thereto. *People v Cumbus,* 143 Mich App 115, 119; 371 NW2d 493 (1985).

The second issue raised on appeal is whether the trial court failed to recognize its authority, on a finding of substantial and compelling reasons, to impose a minimum sentence below the statutory minimum.

A sentencing court may depart from the minimum term of imprisonment authorized under MCL 333.7403(2)(a)(ii); MSA 14.15(7403)(2)(a)(ii) if it finds on the record that there are substantial and compelling reasons to do so. MCL 333.7403(3); MSA 14.15(7403)(3). The court in this case, however, stated that it would sentence defendant to less than the statutory minimum sentence but that it had no discretion to do so. The prosecution argues that the court recognized its discretion, but because it found no substantial and compelling reasons to deviate from the statutory sentence, stated that it was without discretion to reduce defendant's sentence. This Court upon review of the record finds the meaning of the court's statement to be unclear. Therefore, we remand to the trial court for further articulation regarding whether the court found substantial and compelling reasons to deviate from the statutory minimum sentence. If the court was mistaken regarding its discretion, defendant shall be resentenced. *People v Windall Hill,* 192 Mich App 102; 480 NW2d 913 (1991).

Defendant's conviction is affirmed, and the case is remanded for proceedings consistent with this opinion. We do not retain jurisdiction.