*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JEFFERY ALLEN AYOTTE,

Defendant-Appellant.

UNPUBLISHED
June 13, 2024

No. 365780
Eaton Circuit Court
LC No. 2022-020036-FH

Before: CAMERON, P.J., and N. P. HOOD and YOUNG, JJ.

PER CURIAM.

Jeffery Allen Ayotte pleaded guilty to operating a motor vehicle while intoxicated, third offense, MCL 257.625(1)(a) and MCL 257.625(9)(c)(*i*) (OWI-III), and was sentenced as a fourth-offense habitual offender, MCL 769.12, to serve 48 to 240 months in prison. Mr. Ayotte appeals by leave granted[1] the trial court's post-sentencing order denying his motion to amend the presentence investigation report (PSIR). We vacate the court's order denying Ayotte's motion to amend the PSIR and we remand for proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

Mr. Ayotte was originally charged with OWI, third offense, and domestic violence, MCL 750.81(2), third offense, MCL 750.81(5). The trial court granted the prosecution's motion for *nolle prosequi* to dismiss the charge of domestic violence. The trial court sentenced Mr. Ayotte as a fourth-offense habitual offender, MCL 769.12, to a prison term of 48 to 240 months. At the sentencing hearing, defense counsel expressed satisfaction with the content of the PSIR. The PSIR referenced the facts underlying the dismissed domestic violence charge. After sentencing, Mr. Ayotte, through appointed appellate counsel, filed a motion to amend the PSIR to remove both the references to domestic violence and the name of the alleged victim on the ground that the information was not relevant to the OWI-III offense. The trial court denied the motion, concluding

---

[1] *People v Ayotte*, unpublished order of the Court of Appeals, entered June 12, 2023 (Docket No. 365780).

that it did not have authority to amend the PSIR because sentencing had already occurred. In addition, the court concluded that MCR 6.429 only permitted the court to correct an invalid sentence, and the rule was inapplicable because Mr. Ayotte was not challenging the validity of his sentence.

## II. ANALYSIS

Mr. Ayotte contends the trial court erred when it determined that it did not have authority to amend the PSIR. We agree.

This Court reviews de novo a lower court's interpretation of the Michigan Court Rules. *People v Blanton*, 317 Mich App 107, 117; 894 NW2d 613 (2016). A "trial court's response to a claim of inaccuracies in the [PSIR] is reviewed for an abuse of discretion." *People v Waclawski*, 286 Mich App 634, 689; 780 NW2d 321 (2009). An abuse of discretion occurs when the trial court "selects an outcome outside the range of reasonable and principled outcomes." *Id*.

At sentencing, the trial court must "give each party an opportunity to explain, or challenge the accuracy or relevancy of, any information in the [PSIR], and resolve any challenges in accordance with the procedure set forth in [MCR 6.425(D)(2)]." MCR 6.425(D)(1)(b). See also MCL 771.14(6) ("At the time of sentencing, either party may challenge, on the record, the accuracy or relevancy of any information contained in the presentence investigation report."). MCR 6.425(D)(2)(a) states, in relevant part:

> If any information in the presentence report is challenged, the court must allow the parties to be heard regarding the challenge, and make a finding with respect to the challenge or determine that a finding is unnecessary because it will not take the challenged information into account in sentencing. If the court finds merit in the challenge, determines that it will not take the challenged information into account in sentencing, or otherwise determines that the report should be corrected, it must order the probation officer to correct the report . . . .

The information contained in the PSIR "is presumed to be accurate" absent any challenge. *People v Grant*, 455 Mich 221, 233-234; 565 NW2d 389 (1997). "Once a challenge to the accuracy of the PSIR has been alleged, the trial court is required to respond." *People v Lloyd*, 284 Mich App 703, 705; 774 NW2d 347 (2009). "[I]t is imperative that the PSIR accurately reflect the sentencing judge's determination regarding the information contained in the report" because the "Department of Corrections relies on the information contained in the PSIR to make critical decisions regarding a defendant's status." *Id.* at 705-706.

MCR 6.429 states:

> **(A) Authority to Modify Sentence**. The court may correct an invalid sentence, on its own initiative after giving the parties an opportunity to be heard, or on motion by either party. But the court may not modify a valid sentence after it has been imposed except as provided by law. Any correction of an invalid sentence on the court's own initiative must occur within 6 months of the entry of the judgment of conviction and sentence.

**(B) Time For Filing Motion**.

\* \* \*

(3) If the defendant may only appeal by leave or fails to file a timely claim of appeal, a motion to correct an invalid sentence may be filed within the time for filing an application for leave to appeal under MCR 7.205(A)(2)(a) and (b)(i)-(iii).[2]

\* \* \*

**(C) Preservation of Issues Concerning Sentencing Guidelines Scoring and Information Considered in Sentencing**. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or *challenging the accuracy of information relied upon in determining a sentence* that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals. [Emphasis added.]

See also MCL 769.34(10) (stating that "[a] party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals").[3] Accordingly, "[a] challenge to the validity of information contained in the PSIR may be raised at sentencing, in a proper motion for resentencing, or in a proper motion to remand." *Lloyd*, 284 Mich App at 706, citing MCL 769.34(10).

In *Lloyd*, 284 Mich App at 704, James Lloyd pleaded guilty to possession of a firearm during the commission of a felony (felony-firearm) and was sentenced to two years in prison. At the sentencing hearing, Lloyd did not object to the information contained in the PSIR. *Id*. However, after sentencing, Lloyd filed a motion to contest an assertion in the PSIR that other charges were pending against him. *Id*. The trial court denied Lloyd's motion on procedural grounds because Lloyd did not raise this challenge before sentencing. *Id*. Lloyd appealed, arguing that the trial court erred by denying his request to correct the PSIR. *Id*. at 705. This Court vacated

---

[2] We may grant leave to appeal "a judgment or order of the circuit court and court of claims that is not a final judgment appealable of right." MCR 7.203(B)(1). When a conviction is based on a guilty plea, the final judgment is not appealable by right. MCR 7.203(A)(1)(b). Therefore, under MCR 6.429(B)(3), a defendant who pleads guilty must file a motion to correct an invalid sentence within six months after entry of the final judgment. See MCR 7.205(2)(a).

[3] In *People v Posey*, 512 Mich 317; 326; 1 NW3d 101 (2023) (Docket No. 162373) (opinion by Bolden, J.); the Michigan Supreme Court struck down the first sentence of MCL 769.34(10), which required this Court to affirm an in-guidelines sentence in the absence of a scoring error or reliance on inaccurate information. However, the quoted portion of MCL 769.34(10) remains good law.

the trial court's order and remanded, holding that the trial court erred by failing to address the merits of the motion for correction of the PSIR, because Lloyd properly filed a motion after sentencing to challenge information contained in the PSIR without challenging the validity of his sentence. *Id*. at 705-706. This Court stated:

> In the present case, defendant alleged that the reference to other pending charges under an alias was erroneous. The trial court did not evaluate the merits of the information presented, but denied the motion on procedural grounds because the challenge had not been raised at sentencing.[1] A challenge to the validity of information contained in the PSIR may be raised at sentencing, in a proper motion for resentencing, or in a proper motion to remand. MCL 769.34(10). Accordingly, we vacate the trial court's order denying the motion and remand for a determination of the validity of defendant's challenge. *Id*. at 706.

---

[1] The trial court concluded that defendant's claim was without merit because the challenge to the PSIR was not raised at sentencing. However, MCR 6.429(C) was amended to provide that a challenge to the information relied upon in determining a sentence may be raised "at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals." This amendment, effective June 29, 2004, was designed to conform the court rule to MCL 769.34(10). See *People v Kimble*, 470 Mich 305, 314 n 7; 684 NW2d 669 (2004). In the present case, defendant did not expressly entitle the motion as one seeking resentencing, but to preclude review based on the label given the motion would exalt form over substance. See *People v Fleming*, 185 Mich App 270, 273-274; 460 NW2d 602 (1990). Furthermore, defendant explained that the motion was not entitled resentencing [sic] because the penalty for felony-firearm is a fixed two-year sentence.

---

In the present case, Ayotte was sentenced on October 31, 2022, and filed his motion to amend the PSIR on March 13, 2023. This was within the six-month time frame required to file a challenge to his sentence. See MCR 6.429(B)(3); MCR 7.205(2)(a). Although Ayotte did not challenge the validity of his sentence in his motion to amend the PSIR, Ayotte challenged the relevancy and accuracy of information contained in the PSIR. Accordingly, Ayotte's motion challenged *the information relied upon in determining a sentence* and should be treated as a motion for resentencing. See *Lloyd*, 284 Mich App at 706 & n 1, citing MCR 6.429(C). Because a "challenge to the validity of information contained in the PSIR may be raised at sentencing, in a proper motion for resentencing, or in a proper motion to remand," *Lloyd*, 284 Mich App at 706, and Ayotte's motion was timely, see MCR 6.429(B)(3); MCR 7.205(2)(a), the trial court erred when it concluded that it did not have authority to consider Ayotte's request to amend the PSIR.[4]

---

[4] We express no opinion regarding whether Ayotte's motion to amend the PSIR should be granted. Rather, we hold only that he is entitled to consideration of the motion.

We vacate the trial court's order denying Ayotte's motion and remand to the trial court for consideration of Ayotte's motion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Noah P. Hood
/s/ Adrienne N. Young