PEOPLE v LLOYD

Docket No. 280373. Submitted January 6, 2009, at Detroit. Decided July 9, 2009, at 9:00 a.m.

James A. Lloyd, Jr., pleaded guilty in the Wayne Circuit Court of possession of a firearm during the commission of a felony and was sentenced to two years of imprisonment. The defendant moved for a correction of the presentence investigation report (PSIR) to strike a reference to other pending charges against him and for a review or dismissal of an order at sentencing that he pay court costs and the cost of his court-appointed attorney. The court, Daniel P. Ryan, J., denied the motions. The defendant appealed by delayed leave granted.

The Court of Appeals *held*:

1. The trial court erred by denying the defendant's motion to correct the PSIR without determining the validity of the defendant's challenge. A challenge to the validity of information contained in a PSIR may be raised at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the Court of Appeals. MCL 769.34(10); MCR 6.429(C). A defendant challenging the accuracy of PSIR information bears the burden of going forward with an effective challenge. If an effective challenge is raised, the prosecution must prove by a preponderance of the evidence that the facts are as the prosecution asserts. If a court finds on the record that the challenged information is inaccurate or irrelevant, that finding shall be made part of the record, the PSIR shall be amended, and the inaccurate or irrelevant information shall be stricken accordingly before the report is transmitted to the Department of Corrections. In this case, the trial court's order denying the motion to correct the PSIR must be vacated and the case remanded for a determination of the validity of the defendant's challenge.

2. The trial court had authority under MCL 769.1k and 769.34(6) to order the defendant to pay court costs and the cost of his court-appointed attorney even though the felony-firearm statute, MCL 750.227b, makes no provision for such costs.

3. The trial court complied with the requirement set by *People v Dunbar*, 264 Mich App 240 (2004), to provide some indication

that it reviewed the financial and employment information in the PSIR or provide a general statement of consideration of ability to pay before ordering the defendant to pay the cost of his court-appointed attorney.

Affirmed in part, vacated in part, and remanded.

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, and *Carolyn M. Breen*, Assistant Prosecuting Attorney, for the people.

*Charles P. Reisman* for the defendant.

Before: FORT HOOD, P.J., and WILDER and BORRELLO, JJ.

PER CURIAM. Defendant, James A. Lloyd, Jr., appeals by delayed leave granted the trial court's order denying his motion for correction of the presentence investigation report (PSIR) and for dismissal or review of costs and attorney fees. We affirm in part, vacate in part, and remand for proceedings consistent with this opinion.

Defendant pleaded guilty of possession of a firearm during the commission of a felony, MCL 750.227b, and two other felony counts were dismissed as a result of a plea agreement. Defendant was sentenced to two years' imprisonment. At sentencing, he did not object to information contained in the PSIR that indicated there were other charges pending against him. After sentencing, defendant filed a motion to contest the assertion that charges were pending against him under an alias. Additionally, for the first time after sentencing, counsel for defendant challenged the order requiring payment of $600 in court costs and $600 in attorney fees. The sentencing court denied the motion for correction of the PSIR because the challenge had not been raised before sentencing. The court also concluded that the order of court costs was authorized by statute. Lastly, the sen-

tencing court denied defendant's motion to reduce or eliminate the attorney fees, concluding that, although any income earned by defendant would be limited and derived from prison work, defendant nonetheless had the ability to work.

Defendant first alleges that the trial court erred by denying his request for correction of the PSIR. We vacate this order and remand to allow the trial court to address the merits of defendant's challenge.

At a sentencing hearing, either party may challenge the accuracy or relevancy of information contained in the PSIR. MCL 771.14(6). If necessary, the court may adjourn the sentencing to allow the parties to prepare a challenge or respond to a challenge. *Id*. There is a presumption that the information contained in the PSIR is accurate unless the defendant raises an effective challenge. *People v Grant*, 455 Mich 221, 233-234; 565 NW2d 389 (1997). When a defendant challenges the accuracy of the information, the defendant bears the burden of going forward with an effective challenge. See *People v Walker*, 428 Mich 261, 268; 407 NW2d 367 (1987). If an effective challenge has been raised, the prosecution must prove by a preponderance of the evidence that the facts are as the prosecution asserts. *Id*. Once a challenge to the accuracy of the PSIR has been alleged, the trial court is required to respond. *People v Uphaus (On Remand)*, 278 Mich App 174, 182; 748 NW2d 899 (2008). "If the court finds on the record that the challenged information is inaccurate or irrelevant, that finding shall be made a part of the record, the presentence investigation report shall be amended, and the inaccurate or irrelevant information shall be stricken accordingly before the report is transmitted to the department of corrections." MCL 771.14(6). The Department of Corrections relies on the information

contained in the PSIR to make critical decisions regarding a defendant's status. *Uphaus, supra* at 182. Therefore, it is imperative that the PSIR accurately reflect the sentencing judge's determination regarding the information contained in the report. *Id.*

In the present case, defendant alleged that the reference to other pending charges under an alias was erroneous. The trial court did not evaluate the merits of the information presented, but denied the motion on procedural grounds because the challenge had not been raised at sentencing.[1] A challenge to the validity of information contained in the PSIR may be raised at sentencing, in a proper motion for resentencing, or in a proper motion to remand. MCL 769.34(10). Accordingly, we vacate the trial court's order denying the motion and remand for a determination of the validity of defendant's challenge.

Next, defendant submits that he cannot be held accountable for court costs because the statute governing felony-firearm, MCL 750.227b, does not contain any express provision addressing costs. We disagree. The application and interpretation of statutes present questions of law that are reviewed de novo. *People v Keller,*

---

[1] The trial court concluded that defendant's claim was without merit because the challenge to the PSIR was not raised at sentencing. However, MCR 6.429(C) was amended to provide that a challenge to the information relied upon in determining a sentence may be raised "at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals." This amendment, effective June 29, 2004, was designed to conform the court rule to MCL 769.34(10). See *People v Kimble,* 470 Mich 305, 314 n 7; 684 NW2d 669 (2004). In the present case, defendant did not expressly entitle the motion as one seeking resentencing, but to preclude review based on the label given the motion would exalt form over substance. See *People v Fleming,* 185 Mich App 270, 273-274; 460 NW2d 602 (1990). Furthermore, defendant explained that the motion was not entitled resentencing because the penalty for felony-firearm is a fixed two-year sentence.

479 Mich 467, 473-474; 739 NW2d 505 (2007). The reviewing court's function is to resolve disputed interpretations of statutory language by effectuating the legislative intent. *People v Metamora Water Service, Inc,* 276 Mich App 376, 385; 741 NW2d 61 (2007). "When the language of the statute is clear, the Legislature intended the meaning plainly expressed, and the statute must be enforced as written." *Id.*

"A trial court may require a convicted felon to pay costs only where such requirement is expressly authorized by statute." *People v Slocum,* 213 Mich App 239, 242; 539 NW2d 572 (1995). The felony-firearm statute, MCL 750.227b, does not authorize a trial court to order a defendant to pay court costs. However, in 2005 PA 316, the Legislature enacted MCL 769.1k, effective January 1, 2006, which governs the imposition of the fines, costs, or assessments and provides, in pertinent part:

> (1) If a defendant enters a plea of guilty or nolo contendere or if the court determines after a hearing or trial that the defendant is guilty, both of the following apply at the time of the sentencing or at the time entry of judgment of guilt is deferred pursuant to statute or sentencing is delayed pursuant to statute:
>
> (a) The court shall impose the minimum state costs as set forth in [MCL 769.1j].
>
> (b) The court may impose any or all of the following:
>
> (*i*) Any fine.
>
> (*ii*) Any cost in addition to the minimum state cost set forth in subdivision (a).
>
> (*iii*) The expenses of providing legal assistance to the defendant.

Additionally, MCL 769.34(6) addresses the sentencing guidelines and duties of the court when sentencing and further provides for an order of court costs: "As part of the sentence, the court may also order the defendant to

pay any combination of a fine, costs, or applicable assessments. The court shall order payment of restitution as provided by law." Thus, the plain language of these statutes reveals that, as part of the sentence, costs may be ordered, MCL 769.34(6), after a defendant is found guilty following a plea or trial, MCL 769.1k. *Metamora, supra.*

Defendant acknowledges these statutory provisions, but contends that they merely explain how an assessment is collected and delineate that a sentence may include fines and costs. Defendant asserts, "One has to look to the law under which the defendant is convicted of to see if it authorizes costs." Again, we disagree. It is presumed that the Legislature acts with knowledge of existing law. *People v Schultz*, 435 Mich 517, 543-544; 460 NW2d 505 (1990); *People v Harrison*, 194 Mich 363, 369; 160 NW 623 (1916) ("It is a general rule of construction that lawmaking bodies are presumed to know of and legislate in harmony with existing laws, and the language of every enactment is, so far as possible, to be construed consistent with other laws which it does not in plain and unequivocal terms modify or repeal.").

In *People v Jones*, 182 Mich App 125, 126; 451 NW2d 525 (1989), the defendant pleaded guilty of possession with intent to deliver marijuana, MCL 333.7401(2)(c), of possession of LSD, MCL 333.7403(2)(c), and of being an habitual offender, MCL 769.10, and in exchange for the plea, an additional drug charge was dismissed. The trial court sentenced the defendant to a term of imprisonment, but also assessed costs of $1,500 against the defendant on the conviction of possession with intent to deliver marijuana. *Id.* On appeal, the defendant alleged that the trial court was without authority to impose costs. This Court agreed, holding that sentencing au-

thority was confined to the limits permitted by the statute under which it acts. *Id.* at 127. In so ruling, this Court noted that "the prosecutor does not cite any court rule, nor any other authority for that matter, which would permit a trial court to impose *as part of a criminal defendant's sentence* terms different than, or in excess of, those prescribed by the statute under which he or she is convicted." *Id.* (emphasis added). This Court reaffirmed its adherence to this rule of law in *People v Krieger*, 202 Mich App 245, 247; 507 NW2d 749 (1993), by stating that "[the trial court's] sentencing authority is confined to the limits permitted by the statute under which it acts."

However, the Legislature, presumably aware of the rule of law requiring statutory authority to award costs in criminal cases, enacted MCL 769.1k and MCL 769.34(6)[2] and expressly granted authority to a sentencing court to order a defendant to pay court costs.[3] The plain language of these statutes evidences that trial

---

[2] Defendant acknowledges the statutory authority of MCL 769.1k and MCL 769.34(6), but asserts that the case of *People v Antolovich*, 207 Mich App 714; 525 NW2d 513 (1994), sets forth what these fines and costs are. However, the plain language of these statutes did not codify the *Antolovich* holding, but rather changed the law. Furthermore, MCL 769.1k was enacted over 12 years after the *Antolovich* decision. Thus, the assertion that the *Antolovich* decision would govern over a plain-language analysis of MCL 769.1k is simply without merit.

[3] Defendant also contends that the Legislature was required to amend the felony-firearm statute to delineate the amount of court costs. It is the function of the Legislature, not the courts, to change the criminal statutes. See *People v Guthrie*, 97 Mich App 226, 237-238; 293 NW2d 775 (1980). A legislative act conferring power on a court is not constitutionally deficient because it does not delineate standards to guide the court in discharging its judicial duty. *People v Peters*, 397 Mich 360, 368; 244 NW2d 898 (1976). The Legislature maintains policy-making control. *People v Turmon*, 417 Mich 638, 647; 340 NW2d 620 (1983). Therefore, the Legislature has the authority to enact a general cost provision and was not required to amend each individual criminal statute to provide for an order of court costs.

courts have the authority to award, costs, fines, and assessments. *Metamora, supra*.[4]

Lastly, defendant contends that he did not receive meaningful notice of the order requiring payment of attorney fees and was not given a chance to be heard. The consideration of a defendant's ability to pay does not require a specific formality, but merely requires the court to provide some indication that it reviewed the financial and employment sections of the defendant's PSIR or provide a general statement of consideration regarding the ability to pay. *People v Dunbar*, 264 Mich App 240, 254-255; 690 NW2d 476 (2004). A review of the record reveals that the sentencing court complied with the *Dunbar* decision. Therefore, this challenge is without merit.

Affirmed in part, vacated in part, and remanded. We do not retain jurisdiction.

---

[4] Defendant also asserts that the order allowing for court costs constitutes a violation of due process of law, citing *People v Dunbar*, 264 Mich App 240; 690 NW2d 476 (2004). However, the *Dunbar* decision acknowledged that an order requiring a defendant to reimburse attorney fees without regard to ability to pay infringed the indigent defendant's fundamental right to counsel. *Id.* at 252-253, citing *Alexander v Johnson*, 742 F2d 117, 124 (CA 4, 1984). The ordered payment of court costs does not implicate any fundamental rights.