# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RAMON DEANGELO FULLER,

        Defendant-Appellant.

UNPUBLISHED
February 11, 2016

No. 323269
St. Clair Circuit Court
LC No. 14-000170-FH

Before: SERVITTO, P.J., and SAAD and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals from his jury trial convictions of felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant does not challenge his convictions, but instead challenges some information contained in his presentence investigation report (PSIR). For the reasons provided below, we affirm.

On December 6, 2012, members of the St. Clair County Drug Task Force began to execute a search warrant at a home in Port Huron, Michigan. As officers approached the home, they observed two residents of the home, Michael Arnold and Jennifer Arnold, walking toward a vehicle in the driveway. The officers placed Michael and Jennifer under arrest and discovered heroin in Michael's pocket.

The officers then proceeded to enter the home. Officers entered Michael and Jennifer's bedroom on the main floor of the home and discovered marijuana, heroin, and crack cocaine. After they finished searching the bedroom, officers walked down to the basement of the home. Once they were in the basement, officers observed defendant sitting on the ground next to a couch. After they placed defendant under arrest, officers lifted up the couch to discover a pistol. In addition to the pistol under the couch, officers discovered a nine-millimeter pistol in a safe in the basement, as well as plastic bags that were consistent with drug packaging. Defendant had previously been convicted of a felony.

In defendant's PSIR, investigating agent Valerie A. Meade included Michael's statement to police regarding defendant in the "Agent's Description of the Offense" section of the report. Meade also included a list of items recovered from the home. This list included the drugs found in Michael's bedroom as well as a sheet of paper with names, birth dates, and social security

-1-

numbers found in the basement. In the report, Meade speculated that this sheet of paper was evidence that defendant was involved in identity theft.

Defendant argues that the information regarding Michael's statement as well as the list of items unrelated to defendant's convictions should be stricken from the PSIR because they are inaccurate and irrelevant. We disagree. "We review the sentencing court's response to a claim of inaccuracies in defendant's PSIR for an abuse of discretion." *People v Spanke*, 254 Mich App 642, 648; 658 NW2d 504 (2003). A court abuses its discretion when it chooses an outcome that falls outside the range of reasonable and principled outcomes. *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008).

"There is a presumption that the information contained in the PSIR is accurate unless the defendant raises an effective challenge." *People v Lloyd*, 284 Mich App 703, 705; 774 NW2d 347 (2009). "When a defendant challenges the accuracy of the information, the defendant bears the burden of going forward with an effective challenge. If an effective challenge has been raised, the prosecution must prove by a preponderance of the evidence that the facts are as the prosecution asserts." *Id*. (citation omitted). After a challenge to the accuracy of the PSIR has been alleged, the trial court is required to respond. *People v Uphaus (On Remand)*, 278 Mich App 174, 182; 748 NW2d 899 (2008). "The court may determine the accuracy of the information, accept the defendant's version, or simply disregard the challenged information. Should the court choose the last option, it must clearly indicate that it did not consider the alleged inaccuracy in determining the sentence." *Spanke*, 254 Mich App at 648-649 (citation omitted). "If the court finds on the record that the challenged information is inaccurate or irrelevant, that finding shall be made a part of the record, the presentence investigation report shall be amended, and the inaccurate or irrelevant information shall be stricken accordingly before the report is transmitted to the department of correction." MCL 771.14(6).

At a postsentencing motion hearing, defendant challenged the accuracy and relevance of Michael's statement in the PSIR that the heroin found in his pocket was being sold on behalf of defendant. Defendant also challenged the relevancy of including certain items taken from the home, including marijuana, heroin, and crack cocaine found in Michael's bedroom. Defendant also challenged the inclusion of a sheet of paper with names and social security numbers as well as Meade's written theory that this was evidence of identity theft.

Because defendant effectively challenged the accuracy of these items in the PSIR, the prosecution was required to prove by a preponderance of the evidence that the facts are as the prosecution asserts. *Lloyd*, 284 Mich App at 705. In response, the prosecution called Meade to testify. Meade testified that there are certain policy directives that provide what information is to be included in a PSIR. Meade testified that policy directives provided by the Michigan Department of Corrections (MDOC) advise that information regarding codefendants should be included in a defendant's PSIR. Meade testified that she took the information regarding Michael's statement, as well as the items found in the home, from the police report. The prosecution also argued that the list of items found in the home should not be removed from the PSIR because the home was relatively small and all of the items were relevant to the investigation.

In response, the trial court held that the items found in the home that were listed in the PSIR were both accurate and relevant given defendant's criminal history and because all of the people within the home were living in close proximity to one another. In regard to the inclusion of Michael's statement within the PSIR, the trial court held that the prosecution proved the accuracy of the statement by a preponderance of the evidence. The court reasoned that Michael's statement to police was likely accurate because he had already admitted to possessing a controlled substance with the intent of selling it at the time he made his statement to police.

Our review of the trial court's proceedings demonstrates that the court did not abuse its discretion when it held that the disputed information in the PSIR was accurate and relevant. The court followed the procedure set forth in *Lloyd* when it required the prosecution to prove by a preponderance of the evidence the accuracy and relevance of the disputed items after defendant raised an effective challenge. After hearing the testimony of Meade and the prosecution's arguments, the trial court determined that the items found in the home were relevant given their proximity to defendant as well as his criminal history. While Meade did include her own speculation that the sheet of paper with names and social security numbers found in the home may be evidence of identity theft, this Court has held that opinions of the investigating officer need not be stricken from the PSIR. *Spanke*, 254 Mich App at 649. In addition, as the trial court noted, the fact that Michael's statement to police was inculpatory lends credibility to his statement. Therefore, the trial court did not abuse its discretion when it held that a preponderance of the evidence demonstrated that the disputed information in defendant's PSIR was both accurate and relevant.

Affirmed.

/s/ Deborah A. Servitto
/s/ Henry William Saad
/s/ Colleen A. O'Brien

-3-