COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KRISTOPHER ALLEN WADE,

        Defendant-Appellant.

UNPUBLISHED
March 17, 2016

No. 324677
Branch Circuit Court
LC No. 13-121067-FH

Before: O'CONNELL, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM.

Defendant, Kristopher Allen Wade, appeals by leave granted the trial court's denial of his motion to correct his presentence investigation report (PSIR). We affirm.

This Court reviews for an abuse of discretion a trial court's response to a claim of inaccurate information in a PSIR. *People v Spanke*, 254 Mich App 642, 648; 658 NW2d 504 (2003). "A trial court abuses its discretion when it selects an outcome outside the range of reasonable and principled outcomes." *People v Uphaus (On Remand)*, 278 Mich App 174, 181; 748 NW2d 899 (2008).

Defendant challenges the trial court's denial of his motion to correct his PSIR on the basis that he timely moved to correct his PSIR. We disagree. The information contained in a PSIR is presumed accurate unless a defendant raises an effective challenge to the information. *People v Lloyd*, 284 Mich App 703, 705; 774 NW2d 347 (2009). "A challenge to the validity of information contained in the PSIR may be raised at sentencing, in a proper motion for resentencing, or in a proper motion to remand." *Id.* at 706, citing MCL 769.34(10); see also MCR 6.429(C).

Assuming without deciding that defendant's motion was one for resentencing, we conclude it was not a proper motion: if a motion is not timely, it is not proper. *People v Jones*, 297 Mich App 80, 83; 823 NW2d 312 (2012). A defendant who can only appeal by leave granted may move to correct an invalid sentence within six months of entry of his judgment of sentence. MCR 6.429(B)(3). Defendant pleaded guilty to third-degree fleeing and eluding. He was sentenced and his judgment of sentence was entered on April 21, 2014. MCR 1.108(3) provides: "If a period is measured by months or years, the last day of the period is the same day of the month as the day on which the period began." Defendant had until October 21, 2014 to timely file his motion; however, he did not move to correct his PSIR until October 22, 2014.

-1-

Consequently, he failed to meet the six month deadline rendering his motion untimely and improper. MCR 6.429(B)(3).

Because he failed to properly move for resentencing, defendant did not meet his "burden of going forward with an effective challenge." *Lloyd*, 284 Mich App at 705. Therefore, the trial court did not abuse its discretion in denying defendant's motion. *Uphaus (On Remand)*, 278 Mich App at 181.

We affirm.

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Christopher M. Murray