# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RICHARD SENTELL BROOMFIELD,

        Defendant-Appellant.

UNPUBLISHED
July 26, 2016

No.   327199
Calhoun Circuit Court
LC No.   2012-002954-FH

Before:  STEPHENS, P.J., and SERVITTO and GLEICHER, JJ.

PER CURIAM.

This case returns to the Court following a remand for resentencing. *People v Broomfield*, unpublished opinion per curiam of the Court of Appeals, issued April 8, 2014 (Docket No. 314353).  After a jury trial, defendant was convicted of two counts of criminal sexual conduct in the third degree (CSC-III), MCL 750.520d(1)(a) (victim at least 13 but less than 16 years of age). The trial court sentenced defendant as an habitual fourth offender, MCL 769.12, to concurrent prison terms of 22 to 40 years.  This Court affirmed defendant's convictions in our prior decision, but remanded for resentencing because of an error in scoring the sentencing guidelines. On remand, the trial court again sentenced defendant to 22 to 40 years' imprisonment. Defendant appeals as of right, and we again remand for resentencing.

The underlying facts of the crime were set forth in our prior opinion and need not be repeated here.  At resentencing, defense counsel informed the trial court that during defendant's incarceration he had exhibited exemplary behavior and had no misconduct tickets.  Defense counsel noted that the Department of Corrections (DOC) had not issued a new recommended sentence, but looking to DOC's original recommendation of a 20-year minimum, or "about 75 percent of what the top end of the guidelines was believed to be," counsel argued that a minimum sentence of "about 217 months would be a proportionate decrease."  However, counsel asked the trial court to sentence defendant to less than 217 months because of the exemplary behavior he had shown since he was first sentenced.  The prosecutor argued that it was not appropriate for the trial court to consider defendant's behavior in prison.  The prosecutor noted that the crime "was egregious in nature to the victim in this case."

At that point, the trial court began to explain its thoughts, telling defendant that "[w]hile I commend you on how well you are adjusting to your incarceration . . . I am frankly—just the nature of this offense, sir."  As the court continued, the following exchange took place:

*The court.* . . . . It is also my understanding that you assaulted the victim in this case in an effort to prevent her from testifying against you. . . .

*Defense counsel.* It's not entirely accurate. First of all, the allegation was that an assault took place after she testified—

*The court.* Correct.

*Defense counsel.* —just before deliberations. And then, there's also the fact that this is an allegation that the defense also denied. The charge ultimately ended up getting dismissed, so it was never adjudicated.

*The court.* I understand that. I understand it's not a conviction. And you are correct on the time line. But, I still think it's something that the Court can take into consideration, the allegations that that was done. Not to mention the . . . the facts of this case. I understand that the guideline range has been reduced, but the sentence of 22 years is still within the guidelines. Had I been the sentencing judge in this case I would have been inclined to exceed the guidelines given the nature of the offense and the ongoing nature of the offense and the fact that there were other potential victims who were not scored. I will not do that today. I'm not going to exceed his guidelines. . . .

On appeal, defendant argues that the trial court erred in not properly addressing the merits of his assertion that the allegation in his presentence investigation report (PSIR) that he assaulted the victim after she testified was not true. The challenged statements in the PSIR are the following: "It should be noted that after the close of proofs and before the jury deliberation, the defendant did go to the school where the victim was attending and punched her in the face. He has Witness-Intimidation charges pending." Defendant notes that the referenced charges were dismissed.

This Court reviews a sentencing court's response to a claim of inaccuracies in the presentence investigation report for an abuse of discretion. *People v Waclawski*, 286 Mich App 634, 689; 780 NW2d 321 (2009). A trial court abuses its discretion when it chooses an outcome that falls outside the range of reasonable and principled outcomes. *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008).

There is a presumption that the information contained in a PSIR is accurate unless effectively challenged. *People v Lloyd*, 284 Mich App 703, 705; 774 NW2d 347 (2009). Either party may challenge the accuracy or relevancy of information contained in the PSIR at the sentencing hearing. MCL 771.14(6). If necessary, the court may adjourn the sentencing to allow the parties to prepare a challenge or respond to a challenge. *Id.* "When a defendant challenges the accuracy of the information, the defendant bears the burden of going forward with an effective challenge." *Lloyd*, 284 Mich App at 705. "If an effective challenge has been raised, the prosecution must prove by a preponderance of the evidence that the facts are as the prosecution asserts." *Id.*

The sentencing court must respond to challenges to the accuracy of information in a PSIR, but has wide latitude in how to do so. *People v Spanke*, 254 Mich App 642, 648; 658

NW2d 504 (2003). "The court may determine the accuracy of the information, accept defendant's version, or simply disregard the challenged information." *Id.* at 648-649. If the court finds the challenged information inaccurate or irrelevant, it must strike that information from the PSIR before sending it to the DOC. *Id.* MCL 771.14(6); MCR 6.425(E)(2)(a).[1]

During the resentencing, defendant denied the allegation that he assaulted the victim during the criminal proceedings. Defendant also asserted that the allegation was that the assault took place after the victim testified against him, not before she testified, and that the case based on the allegation was dismissed. The trial court accepted defendant's time line and noted that there was no conviction, but stated that it believed it could "take into consideration[] the allegation that was done."

The trial court should have evaluated the merits of the information presented in the PSIR and addressed defendant's challenge to its accuracy. Although the trial court accepted defendant's version of when the assault was alleged to have occurred during the time line of the criminal prosecution, and stated its understanding that no conviction had resulted from the allegation, it nonetheless relied on the challenged information in resentencing defendant without clearly indicating that it found the allegation to be accurate. *Spanke*, 254 Mich App at 648-649.

Remanded for resentencing. We do not retain jurisdiction.


/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Elizabeth L. Gleicher

---

[1] Defendant did not ask that the challenged information be stricken. Indeed, when asked if defendant had reviewed the PSIR, "as well as the Case Report Update[,]" defense counsel responded: "Yes. We did review that. We have no additions or corrections."