*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 11, 2021

Plaintiff-Appellee,

v

No. 349821
Otsego Circuit Court
LC No. 11-094342-FC

ANTHONY JEROME BEATY,

Defendant-Appellant.

Before: BOONSTRA, P.J., and BORRELLO and RICK, JJ.

PER CURIAM.

This case is before us for a third time for consideration as on leave granted.[1] On May 2, 2011, defendant, Anthony Jerome Beaty, pleaded guilty to delivery of a controlled substance causing death, MCL 750.317a. On second remand for resentencing, the trial court departed from the guidelines minimum range of 51 to 85 months and imposed a sentence of 15 to 50 years' imprisonment. For the reasons set forth in this opinion, we affirm defendant's sentence but remand for the ministerial task of the trial court correcting defendant's SIR.

## I. BACKGROUND

On January 1, 2011, defendant sold heroin to Konrad Pressley, who then gave it to Aubrey Checks. Checks overdosed and died. Defendant pleaded guilty to delivery of a controlled substance causing death[2] and was sentenced to serve 20 to 50 years' imprisonment, which represented an upward departure from the guidelines range. Defendant filed an application for leave to appeal, which was denied by this Court. The Michigan Supreme Court remanded the case

---

[1] *People v Beaty*, 505 Mich 973 (2020).

[2] Defendant also pleaded guilty to a charge of maintaining a drug house, MCL 333.7405(1)(d); however, this Court held that defendant was entitled to withdraw his plea to that offense. *People v Beaty*, unpublished per curiam opinion of the Court of Appeals, issued May 5, 2015 (Docket No. 314935) (*Beaty I*), pp 4-6.

to this Court for consideration as on leave granted.[3]  This Court remanded to the trial court for resentencing.[4]  The successor trial court judge again departed from the guidelines range and resentenced defendant to serve 17.5 to 50 years' imprisonment.  This Court denied defendant's delayed application for leave to appeal.[5]  The Michigan Supreme Court again remanded the case to this Court for consideration as on leave granted.[6]  This Court vacated defendant's sentence and again remanded to the trial court for resentencing.[7]  The trial court once again departed from the guidelines range of 51 to 85 months and sentenced defendant to serve 15 to 50 years' imprisonment.  We denied defendant's delayed application for leave to appeal,[8] and our Supreme Court again remanded for consideration as on leave granted.[9]

## II.  ANALYSIS

On appeal, defendant first argues that the trial court erroneously changed the scoring of the guidelines, then applied a sentence which was beyond even this elevated range.  Furthermore, defendant argues, the rationale provided by the trial court did not warrant an upward departure, and even if it did, such rationale does not support the extent of the departure.[10]

We review a sentence that departs from the applicable guidelines range for reasonableness. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015).  We review a sentence's reasonableness for an abuse of discretion.  *People v Dixon-Bey*, 321 Mich App 490, 520; 909 NW2d 458 (2017).  "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008).

Michigan's sentencing guidelines are advisory only and no longer require a substantial and compelling reason for a departure. *Lockridge*, 498 Mich 358 at 364-365 & n 1.  "[T]he key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from

---

[3] *People v Beaty*, 495 Mich 976 (2014).

[4] *Beaty I*, unpub op at 2-4.

[5] *People v Beaty*, unpublished order of the Court of Appeals, entered April 15, 2016 (Docket No. 331942).

[6] *People v Beaty*, 501 Mich 921-922 (2017).

[7] *People v Beaty*, unpublished per curiam opinion of the Court of Appeals, issued January 15, 2019 (Docket No. 331942) (*Beaty II*).

[8] *People v Beaty*, unpublished order of the Court of Appeals, entered August 27, 2019 (Docket No. 349821).

[9] *People v Beaty*, 505 Mich 973 (2020).  The Court noted that "the transcript of the May 9, 2019 resentencing appears to indicate the trial court meant to use cell B-IV in the sentencing grid for Class A offenses as the basis for the departure sentence, but used cell C-IV instead." *Id*.

[10] The prosecutor did not file a brief in this matter.

or adheres to the guidelines' recommended range." *People v Milbourn*, 435 Mich 630, 661; 461 NW2d 1 (1990).

> Because the guidelines embody the principle of proportionality and trial courts must consult them when sentencing, it follows that they continue to serve as a "useful tool" or "guideposts" for effectively combating disparity in sentencing. Therefore, relevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range continue to include (1) whether the guidelines accurately reflect the seriousness of the crime, (2) factors not considered by the guidelines, and (3) factors considered by the guidelines but given inadequate weight. [*People v Dixon-Bey*, 321 Mich App 490, 524-525; 909 NW2d 458 (2017) (citations omitted).]

Trial courts are not required to "sentence defendants with mathematical certainty," "[n]or are any precise words necessary for them to justify a particular departure." *People v Smith*, 482 Mich 292, 311; 754 NW2d 284 (2008). "Even where some departure appears to be appropriate, the extent of the departure (rather than the fact of the departure itself) may embody a violation of the principle of proportionality." *Milbourn*, 435 Mich at 660. "[T]he imposition of the maximum possible sentence in the face of compelling mitigating circumstances would run against" the principle of proportionality. *Id*. at 653.

Defendant first argues that the trial court intended to only move up one cell when considering a sentencing range, and mistakenly instead moved up two. Defendant argues that because the trial court initially indicated that it was only moving one cell up in the OV level, it must have intended to set defendant's minimum sentence in the range of 81 to 135 months, which corresponds to PRV Level B and OV Level IV. The Michigan Supreme Court similarly directed this Court to consider "that the transcript of the May 9, 2019 resentencing appears to indicate the trial court meant to use cell B-IV in the sentencing grid for Class A offenses as the basis for the departure sentence, but used cell C-IV instead." *Beaty*, 505 Mich at 973. The trial court indicated:

> *The Court*: …I think it would justify at least an OV range of 60 to 79, which would be a level 4, Class A grid, which would result in a guideline of 108 to 180 month range…

> *Defense Counsel*: If I may just interrupt. He's actually PRV B, not a PRV C. So range B-4 would be an 81 to 135. But let me just clarify that in the SIR. But I believe he's PRV-

> *The Court*: No. You're right.

> *Defense Counsel*: PRV B.

> *The Court*: I misspoke…I did misspeak when I was referencing the grid. And so we would need to adjust that up. My… finding is that the number of offense variable…the scoring of the offense variables is 180 months at the top range I think is a reasonable sentence, if those variables had properly been taken into account by the sentencing guidelines. The Court finds that looking at the guidelines, and had those factors been taken into account, this would have been scored at about 108 to

180 range. And, for that reason, the Court is going to impose a sentence at the top of what the guidelines would have been, which is 180 months.

Here, the trial court, after confessing that it initially misspoke, stood by its use of a cell with a range of 108 to 180 months. The trial court indicated that it was adjusting solely based on the OV level, and meant to depart upward to sentence defendant as if he were in OV Level V. As such, we cannot conclude that the trial court's sentence was the result of a mistaken intention.

Hence, the question becomes whether the trial court's intended upward departure use of the 108-to-180-month range was disproportionate. The trial court used 180 months as the minimum sentence. This figure was arrived at by moving from cell B-III to B-V, and selecting the maximum in the B-V range. In justifying the departure, the trial court relied on two main points. First, it again noted that when police searched defendant's home, they found an amount of heroin that was beyond "…what someone would have for personal use. And the fact that it was packaged into that many different containers (220 packets) I think gives an idea of the breadth of the distribution operation that Mr. Beatty was running here." The trial court went on to state its second rational, namely that defendant continued to distribute heroin after the death of the victim:

> Also, …I don't think it's really that significant whether Mr. Beaty knew that it was his heroin that caused the death in this case or someone else's. He knew that a death was caused by the use of heroin., and he still…sold heroin even after having that knowledge…[T]he fact that he knew it was the same substance that he was putting into the community, whether it actually came from him or someone else, I think that…should have given somebody pause to think about why am I continuing to do this when I know it had just killed someone…

This last rationale is significant in that MCL 750.317a requires only a single delivery of a controlled substance, which is consumed causing a death. The maximum penalty under MCL 750.317a is "imprisonment for life or any term of years." The trial court explained how this case was much more serious than the minimum requirements of MCL 750.317a , as defendant was an admitted dealer who had continued dealing even after learning of the victim's death. Following the death of the victim, when police searched defendant's home they found 220 individual packets containing heroin, belying defendant's assertion that he stopped dealing after learning of the victim's death. Further, while defendant asks this Court to focus on the amount of heroin found in the home at the time of the search, 10 grams, the trial court focused instead on 220 packets containing heroin, and indicating that defendant was engaged in a substantial distribution operation. These two factors were not required by the statute and not otherwise covered by the guidelines.

In *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327, (2017) our Supreme Court clarified that "the relevant question for appellate courts reviewing a sentence for reasonableness" is "whether the trial court abused its discretion by violating the principle of proportionality…." *Id.* The principle of proportionality is one in which "a judge helps to fulfill the overall legislative scheme of criminal punishment by taking care to assure that the sentences imposed across the discretionary range are proportionate to the seriousness of the matters that come before the court for sentencing. In making this assessment, the judge, of course, must take into account the nature of the offense and the background of the offender." *Id.*at 472. Under this

principle, "the key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *Id*., quoting *Milbourn*, 435 Mich at 661. *Dixon-Bey,* 321 Mich App at 520-521.

With this standard of review in mind, we note that here, the trial court assigned additional points which the trial court found lacking from defendant's original sentencing guidelines. After adding the additional points, the trial court came to a guideline range as previously indicated and sentenced defendant at the top of that range, as if to suggest that the sentence was actually within the guidelines. However, our review is not focused on whether the sentence "departs from or adheres to the guidelines' recommended range," but whether the sentence is proportionate to the seriousness of the matter. *Milbourn*, 435 Mich at 661. There can be little argument that death is a serious matter, and that the distribution of heroin which causes death can have devastating and far-reaching effects. Here, the trial court noted this seriousness by focusing on defendant's decision to continue to deal in the sale and distribution of heroin following the death of the victim coupled with the scope of defendant's heroin distribution operations. While we may have sentenced defendant differently, the trial court expressed reasonable explanations for its sentence and those explanations do not fall "outside the range of reasonable and principled outcomes." *Dixon-Bey*, 321 Mich App at 520; *People v Unger*, 278 Mich App at 217. Further, this case does not involve "the imposition of the maximum possible sentence" or "compelling mitigating circumstances." See *Milbourn*, 435 Mich at 653. Accordingly, we conclude that defendant's sentence did not violate proportionality.

While we decline to order resentencing, we also reject defendant's assertion that he is entitled to resentencing before a different judge. The trial court's previous "errors involved questions of law," and nothing in the record suggests that the trial judge would "have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected." *People v Hill*, 221 Mich App 391, 398; 561 NW2d 862 (1997) (quotation marks and citations omitted).

Defendant next argues that his PSIR needs to be updated to reflect alterations which have occurred since his case began. "A challenge to the validity of information contained in the PSIR may be raised at sentencing, in a proper motion for resentencing, or in a proper motion to remand." *People v Lloyd*, 284 Mich App 703, 706; 774 NW2d 347 (2009), citing MCL 769.34(10).

This Court has recognized the importance of a PSIR containing accurate information:

> Critical decisions are made by the Department of Corrections regarding a defendant's status based on the information contained in the presentence investigation report. Accordingly, the PSIR should accurately reflect any determination the sentencing judge has made concerning the accuracy or relevancy of the information contained in the report. [*People v Uphaus (On Remand)*, 278 Mich App 174, 182; 748 NW2d 899 (2008) (quotation marks and citation omitted).]

Defendant's SIR lists 10 points as assessed for PRV 7, a PRV Level of C, and a minimum guidelines range of 81 to 135 months, despite the trial court's acknowledging at resentencing that defendant now had zero points assessed for PRV 7, was in PRV Level B, and was subject to a minimum guidelines range of 51 to 85 months. Because the trial court has already acknowledged

this error, we remand the matter to the trial court for the ministerial task of correcting that portion of the SIR.

Affirmed, but remanded for the ministerial act of correcting defendant's SIR. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Stephen L. Borrello
/s/ Michelle M. Rick