*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHARLES WAYNE FRANCISCO,

Defendant-Appellant.

UNPUBLISHED
October 22, 2024
12:55 PM

No. 366602
Macomb Circuit Court
LC No. 2021-002737-FC

Before: GADOLA, C.J., and PATEL and YOUNG, JJ.

PER CURIAM.

This case arises from defendant's repeated sexual assaults of EN. Defendant, Charles Wayne Francisco, is the biological father of several of EN's siblings, and for many years lived in the family home with EN's mother and assumed the role of stepfather to EN. When EN was five years old, defendant began sexually assaulting her. On numerous occasions, defendant forced EN to perform fellatio and to endure anal intercourse and digital penetration. Defendant also physically abused EN, her siblings, and her mother. When EN was in high school, she reported the abuse to her biological father and a school counselor, and defendant was arrested. While released on bond, defendant removed the electronic tether he had been ordered to wear and absconded.

Defendant was convicted after a jury trial of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (criminal sexual conduct with a person under 13 years of age); aggravated indecent exposure, MCL 750.335a(2)(b); domestic violence, MCL 750.81(2); three counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (sexual penetration of person less than 13 years of age); tampering with an electronic monitoring device, MCL 771.3f; and absconding, MCL 750.199a. Defendant was sentenced to 120 to 180 months' imprisonment for CSC-II; 15 to 24 months' imprisonment for aggravated indecent exposure; 93 days' in jail for domestic violence; 300 to 600 months' imprisonment for each CSC-I conviction; 15 to 24 months' imprisonment for tampering with an electronic monitoring device; and 24 to 48 months' imprisonment for absconding. The trial court ordered that the sentence for the third CSC-I conviction be served consecutive to the two concurrent CSC-I sentences. Defendant appeals as of right, challenging his consecutive sentence and challenging information contained in his

presence investigation report. We vacate the consecutive sentence and remand to the trial court for resentencing on that conviction.

## I. CONSECUTIVE SENTENCE

Defendant contends that the trial court erred by imposing a consecutive sentence for his third CSC-I conviction because the trial court lacked statutory authority to do so. On appeal, the prosecution concedes that the consecutive sentence is not supported under the facts of this case. We agree.

In Michigan, a trial court may not impose a consecutive sentence absent statutory authority to do so. *People v Baskerville*, 333 Mich App 276, 289; 963 NW2d 620 (2020). Whether the trial court is authorized by statute to impose a consecutive sentence is a question of law that we review de novo. *People v Clark*, 315 Mich App 219, 224; 888 NW2d 309 (2016). In this case, however, defendant failed to preserve this challenge by raising the issue either at sentencing, in a proper motion for resentencing, or in a motion filed in this Court. See *People v Anderson*, 322 Mich App 622, 634; 912 NW2d 607 (2018). We therefore review the unpreserved sentencing challenge for plain error affecting substantial rights. See *id*.

Here, the trial court imposed defendant's consecutive sentence under MCL 750.520b. That statute proscribes first-degree criminal sexual conduct, and provides in part:

> The court may order a term of imprisonment imposed under this section to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction. [MCL 750.520b(3).]

The trial court is thus authorized to impose a sentence for a conviction of CSC-I that runs consecutively to a sentence imposed for another criminal offense arising from the "same transaction." *People v Bailey*, 310 Mich App 703, 723; 873 NW2d 855 (2015). "[A]n ongoing course of sexually abusive conduct involving episodes of assault does not in and of itself render the crimes part of the same transaction." *Id*. at 725. Rather, separate sexual penetrations are considered part of a single transaction when they "sprang one from the other and had a connective relationship that was more than incidental, . . . and there was no relevant disruption in time or in the flow of events between the two distinct offenses." *People v Ryan*, 295 Mich App 388, 403; 819 NW2d 55 (2012). "For multiple penetrations to be considered as part of the same transaction, they must be a part of a 'continuous time sequence,' not merely part of a continuous course of conduct." *Bailey*, 310 Mich App at 725, quoting *People v Brown*, 495 Mich 962, 963 (2014).

In this case, defendant was convicted of three counts of CSC-I involving EN: one count related to digital penetration, one count related to defendant forcing EN to perform fellatio, and one count related to defendant engaging in anal intercourse with EN. The prosecution urged at sentencing that defendant's ongoing sexual and physical abuse of EN constituted a pattern justifying imposing consecutive sentences. The trial court agreed, imposing a consecutive sentence for the third CSC-I conviction, citing MCL 750.520b.

The record indicates that the assaults were part of defendant's ongoing course of conduct, but there was no evidence that the assaults occurred within a continuous time sequence necessary

for the assaults to be considered part of the same transaction. EN testified that defendant sexually assaulted her on numerous separate occasions, but that each incident of CSC-I was separate from the other. That the separate assaults occurred during the same general time frame and were part of a pattern of conduct is insufficient to establish that the assaults occurred during the same transaction. See *Bailey*, 310 Mich App at 725. Accordingly, the trial court lacked statutory authority under MCL 750.520b to impose a consecutive sentence for defendant's third conviction of CSC-I, and erred by doing so.

## II. PRESENTENCE INVESTIGATION REPORT

Defendant contends that his presentence investigation report (PSIR) is inaccurate because it includes three prior convictions for failure to register under the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*., which defendant argues were unconstitutionally imposed. Defendant requests that his PSIR be corrected by removing the convictions, and that the convictions also be expunged from his record. We disagree that defendant is entitled on appeal to the relief sought.

A defendant is entitled to be sentenced based on accurate information and accurately scored sentencing guidelines. *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006). The information in the PSIR is presumed to be accurate unless the defendant raises an effective challenge to the information. *People v Lampe*, 327 Mich App 104, 122-123; 933 NW2d 314 (2019). A defendant may challenge the validity of the information contained in the PSIR at sentencing, in a proper motion for resentencing, or in a proper motion to remand. *People v Lloyd*, 284 Mich App 703, 706; 774 NW2d 347 (2009). A defendant who challenges the accuracy of the PSIR has the burden to go forward with an effective challenge. *Lampe*, 217 Mich App at 120. A defendant who fails to effectively challenge information in the PSIR is not entitled to correction of any information in the PSIR. *Id*. at 122-123.

When a defendant challenges the accuracy of the information in the PSIR, the trial court must permit the parties to be heard regarding the challenge. When the defendant makes an effective challenge, the prosecution then has the burden to prove the challenged fact by a preponderance of the evidence. *People v Norfleet*, 317 Mich App 649, 669; 897 NW2d 195 (2016). The trial court must then make a finding with respect to the challenged information or determine that a finding is unnecessary because the trial court will not consider the challenged information when sentencing the defendant. *People v Maben*, 313 Mich App 545, 553; 884 NW2d 314 (2015). If the trial court agrees with the defendant's challenge, the trial court must order the probation officer to correct or delete the challenged information in the PSIR. *Id*.; see also MCL 771.14(6); MCR 6.425(D)(2)(a).

We review for an abuse of discretion the trial court's response to a defendant's challenge to the accuracy of information contained in the PSIR. *Maben*, 313 Mich App at 552. In this case, however, defendant did not challenge the accuracy of the PSIR before the trial court. Instead, defendant waived the right to contest the accuracy of the information in the PSIR on appeal by agreeing at sentencing that the information in the PSIR was correct. See *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) (Waiver eliminates any error, precluding appellate review). Waiver is "the intentional relinquishment or abandonment of a known right" and occurs "when

defense counsel clearly expresses satisfaction with a trial court's decision," *Id*. In this case, defense counsel at sentencing stated in relevant part:

> I have reviewed the pre-sentence investigation report. I went over that with Mr. Francisco. We have no additions, corrections or deletions. I have prepared a sentencing memorandum specifically with regard to the sex offender registration act. So we are prepared to proceed to allocution when the court is ready.

Later in the sentencing hearing, defendant informed the trial court that the PSIR included three 2017 convictions for defendant's failure to register under SORA, which defense counsel suggested might be invalid convictions. The following exchange occurred:

> [*Defense Counsel*]: Your Honor, I have just one issue I would like to address prior to sentencing very briefly. It's a matter of the number of prior felonies for the court to take that into consideration.
>
> *The Court*: Obviously the cover sheet, does need correcting on that.
>
> *Probation Officer*: The convictions for the other felonies came after the (indiscernible) the offense was committed.
>
> [*Defense Counsel*]: Correct.
>
> *Probation Officer*: That was in 2011 and then the –
>
> *The Court*: Okay, all right.
>
> [*Defense Counsel*]: And then with respect to that, in taking those into consideration, I would just like to make the court aware and preserve the record that the fact that the prior offense that led to Mr. Francisco['s] registration under Dows v Snider and People v Betts that would have been eligible. He would have been part of the subclass that would not have been required to register. Those failure to register [convictions] could have potentially been removed, were it not for subsequent felony convictions where People versus Klinesmith and People versus Tucker are still pending before the, I believe, the Michigan Supreme Court with regard to recapture issues. I want to clarify that and preserve that issue for the record.
>
> So that the Court is aware that, yes, there were the prior six felonies, three of those were failing to register for a conviction that he likely would not have had to register for were it not for subsequent convictions.
>
> *The Court*: All right. Anything to add to that? She is just making her record on those legal issues.

The trial court did not otherwise respond to defense counsel's statement, and neither defense counsel, the prosecution, nor the trial court treated defense counsel's statement regarding the three 2017 SORA convictions as a challenge to the accuracy of the PSIR. The trial court then

-4-

sentenced defendant, relying in part on the PSIR. After stating defendant's sentence on the record, the trial court stated:

> In sentencing Mr. Francisco the Court has reviewed and received the pre-sentence investigation report, the sentencing memorandum that ha[s] been filed and the response thereto.
>
> * * *
>
> Again, in sentencing Mr. Francisco I considered everything contained in the pre-sentence investigation report.

We conclude that defendant waived any appellate challenge to the accuracy of the PSIR. Defendant did not challenge the accuracy of the PSIR before the trial court, and his counsel stated his agreement with the existing PSIR. Defendant informed the trial court that the PSIR contained three 2017 convictions for defendant's failure to comply with SORA registration, but suggested only that the convictions possibly were invalid and that it was "likely" defendant could be exempted from registration under SORA if other cases pending before the Supreme Court were determined favorably to defendant's position. Defendant did not demonstrate that the convictions were invalid, nor did defendant ask the trial court to strike the information from the PSIR. As discussed, a PSIR that is not challenged is presumed valid, and a defendant who fails to effectively challenge information in the PSIR is not entitled to correction of the PSIR. *Lampe*, 327 Mich App at 122-123.

Moreover, defendant's challenge would not be successful even if properly raised. A PSIR must contain "a description of the defendant's prior criminal convictions," among other information. MCR 6.425(A)(1)(a). Defendant does not dispute that he pleaded no contest in 2004 to attempted third-degree criminal sexual conduct. In 2007, he pleaded guilty to two misdemeanor counts of failure to comply with the registration requirements of SORA. In 2017, defendant pleaded no contest to larceny in a building and a related offense, and to three counts of failure to comply with the registration requirements of SORA, second offense. At the time of sentencing in this case in 2023, defendant's 2017 convictions remained on his record and therefore were properly included in his PSIR.[1]

---

[1] Defendant's 2017 SORA violations did not affect the prior record variable (PRV) point allocation and total; removing them from the criminal history section of the PSIR would not affect defendant's sentences.

To summarize, defendant waived any challenge to the accuracy of the PSIR. Moreover, defendant on appeal has not demonstrated any error in the PSIR; at the time he was sentenced in this case, the convictions included in his PSIR were valid convictions and defendant has not demonstrated otherwise. We vacate defendant's consecutive sentence for his third CSC-I conviction and remand for resentencing on that conviction. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Sima G. Patel
/s/ Adrienne N. Young